[No. 34272-0-I.   Division One.   July 31, 1995.]

SHARON K. ARMENT, *Appellant*, v. KMART CORPORATION, *Respondent*.

*R.R. Bob Greive* and *R.R. Bob Greive & Associates*, for appellant.

*D. Michael Reilly, Michael B. King, Todd L. Nunn*, and *Lane Powell Spears Lubersky*, for respondent.

AGID, J. — On November 25, 1989, Sharon Arment and her husband Brian were shopping in the Kmart store on Delridge Way S.W. in Seattle. While walking through the menswear department, Ms. Arment slipped on some liquid on the floor between two clothes racks. The liquid was some type of clear soda. According to her husband, a Kmart cup was lying next to the spill. Arment sued Kmart for negligence, relying on the "mode of operation" rule.

·She alleged that the soda came from the in-store cafeteria Kmart operates at the Delridge store and that Kmart's operation of the cafeteria created a reasonably foreseeable risk that customers would take food and drinks out of the cafeteria and spill them in the retail area. Arment appeals the trial court's grant of summary judgment in favor of Kmart. We agree with the trial court that Arment failed to establish a prima facie claim of negligence and affirm.

## DISCUSSION

To establish a negligent failure to maintain business premises in a reasonably safe condition, a plaintiff must generally show (1) the unsafe condition was caused by the proprietor or its employees or (2) the proprietor had actual or constructive knowledge of the condition. *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 49, 666 P.2d 888 (1983). In *Pimentel*, the supreme court recognized an exception to this requirement, known as the mode of operation rule. Under the *Pimentel* exception, if the business where an injury occurs is a self-service operation, the plaintiff is relieved of her burden of establishing a proprietor's actual or constructive knowledge of an unsafe condition if she can show that the business' operating procedures are such that unreasonably dangerous conditions are continuous or reasonably foreseeable. 100 Wn.2d at 40. Arment did not produce any evidence that Kmart or its employees either caused or had knowledge of the spill in the menswear department. Thus, unless she produced sufficient evidence to establish a prima facie claim for negligence under the *Pimentel* exception, Kmart was entitled to summary judgment.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In reviewing a grant of summary judgment, an appellate court engages in the same inquiry as the trial court

and considers all facts and reasonable inferences in the light most favorable to the nonmoving party. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994). Arment contends there are two genuine issues of material fact which preclude summary judgment. One, whether the unsafe condition, the drink spill in the menswear department, was reasonably foreseeable and two, whether Kmart exercised reasonable care under the circumstances to guard against the risk.[1]

■ ■ In opposition to Kmart's motion for summary judgment, Arment produced two pieces of evidence, her affidavit and that of her husband. The affidavits state that Kmart operates a restaurant in its Delridge store, that the restaurant has a soft drink dispenser and that the restaurant is in the same general area as the menswear department. We agree with the trial court that this evidence is insufficient as a matter of law to bring her claim within the *Pimentel* exception. It alleges no facts and supports no reasonable inferences that the specific unsafe condition, a drink spill in the retail area of the store, is a continuous or reasonably foreseeable risk created by Kmart's operation of an in-store cafeteria. Although Arment contends on appeal that her injury was reasonably foreseeable because Kmart did not prevent customers from taking drinks out of the cafeteria and carrying them around the store, she produced absolutely no evidence of Kmart's policies or mode of operation to support this contention. Nothing in the evidence she submitted in opposition to summary judgment suggests that Kmart either allowed or encouraged customers to carry drinks purchased in the cafeteria around the store. Thus, there is no evidence of any connection between spills in the retail

[1]Because we conclude that Arment failed to produce sufficient evidence to establish a prima facie case that the unsafe condition was reasonably foreseeable, we do not address the issue of Kmart's duty of care under the circumstances. If an unsafe condition was not reasonably foreseeable or inherent in Kmart's operation of an in-store cafeteria, Arment's claim does not fall within the *Pimentel* exception and the adequacy of Kmart's training and inspection policies becomes immaterial.

area and a policy or mode of operation that would make this particular unsafe condition reasonably foreseeable.

The fact that a business is a self-service operation is insufficient, standing alone, to bring a claim for negligence within the *Pimentel* exception. *Wiltse v. Albertson's, Inc.*, 116 Wn.2d 452, 805 P.2d 793 (1991). The *Pimentel* exception is a narrow one, limited to specific unsafe conditions in specific areas that are inherent in the nature of self-service operations. *Wiltse*, 116 Wn.2d at 461. In order to fall within the *Pimentel* exception, therefore, a plaintiff must show that the nature of the particular self-service operation is such that it creates reasonably foreseeable unsafe conditions in the self-service area of the business. *Wiltse*, 116 Wn.2d at 456. While certain departments of a store, such as a produce department, are "areas where hazards were apparent and therefore the owner [is] placed on notice by the activity," *Wiltse*, 116 Wn.2d at 461, it does not follow that specific unsafe conditions associated with a self-service business are reasonably foreseeable in all areas of the business. On the contrary, to invoke the *Pimentel* exception, a plaintiff must present some evidence that the unsafe condition in the particular location of the accident was reasonably foreseeable. *Carlyle v. Safeway Stores, Inc.*, 78 Wn. App. 272, 896 P.2d 750 (1995).

In *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 651, 869 P.2d 1014 (1994), for example, the plaintiff slipped and fell in the common area of the Tacoma Mall. The trial court dismissed her case on summary judgment. She argued on appeal that her claim came within the *Pimentel* exception. The supreme court rejected her argument because she "failed to produce any evidence from which [a] trier of fact could reasonably infer that the nature of the business and methods of operation of the Mall are such that unsafe conditions are reasonably foreseeable *in the area in which she fell*." (Italics ours.) 123 Wn.2d at 654.[2] The court noted that the record disclosed "only that there is more than

---

[2]*See also Ciminski v. Finn Corp.*, 13 Wn. App. 815, 823, 537 P.2d 850, 85 A.L.R.3d 991 (summary judgment improper because the plaintiff who slipped

one food-drink vendor service in the Mall, that some such vendors do not provide seating and that some patrons carry the products to benches for consumption." 123 Wn.2d at 654. As here, the record was "silent as to obviously relevant facts relating to the nature of the . . . business and its method of operation." 123 Wn.2d at 654.

The *Ingersoll* court listed a number of facts relevant to a *Pimentel* claim that the plaintiff's evidence lacked. There was no proof of: (1) the actual number of food-drink vendors at the Mall, other types of vendors, or what products they sell; (2) the location of the vendors in relation to the location of the fall; (3) the methods of operation of the various vendors, particularly whether the products and their consumption resulted in debris or substances on the floor; (4) whether patrons routinely brought products from outside the Mall into the Mall; and (5) the historical experience of slip and fall incidents in that area. 123 Wn.2d at 654-55. Although not an exhaustive or exclusive compendium of the evidence a plaintiff must produce to establish a *Pimentel* claim, this list illustrates the type of facts a plaintiff must allege to establish a prima facie case under the rule. As was the case in *Ingersoll,* the record here is completely devoid of any such facts.

Arment's reliance on *Jackson v. K-Mart Corp.,* 840 P.2d 463 (Kan. 1992), is unavailing. While we agree that the underlying facts in *Jackson* are virtually identical to those here,[3] *Jackson* is distinguishable in one significant respect. Unlike Arment, Jackson produced evidence that Kmart allowed or encouraged patrons to remove food and drink from the in-store cafeteria and consume it in the retail area. 840 P.2d at 464. Without similar evidence, Arment cannot show that the unsafe condition in the retail area

and fell in a self-serve cafeteria presented evidence that "there tended to be spills in the area where she fell, and that the floor in this area was sometimes greasy"), *review denied,* 86 Wn.2d 1002 (1975).

[3] Jackson slipped and fell in the retail section of a Kmart store after she stepped in "an accumulation of a green liquid substance." 840 P.2d at 464. The substance turned out to be avocado juice a customer had spilled. The plaintiff produced evidence that Kmart sold avocado juice in its in-store cafeteria.

was a reasonably foreseeable risk inherent in Kmart's mode of operation, an element she must establish to fall within the *Pimentel* exception.

In *Pimentel*, the supreme court emphasized that the self-service exception is a narrow one and should not be construed as a per se rule. 100 Wn.2d at 49 (mode of operation rule does not impose strict liability or shift the burden to the defendant to disprove negligence). Were we to hold that Arment produced sufficient evidence to withstand summary judgment, we would come perilously close to establishing a per se rule that retail businesses operating an in-store cafeteria fall within the *Pimentel* exception, regardless of whether the plaintiff produces evidence of its policy regarding food and drink in the retail area.

■ We affirm the trial court's order granting Kmart's motion for summary judgment and its award of attorney fees to Kmart. The trial court awarded Kmart's attorney fees under MAR 7.3, which authorizes the assessment of costs and fees against a party who appeals an arbitration award and fails to improve her position. A party entitled to attorney fees under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve her position. *See Wilkerson v. United Inv., Inc.*, 62 Wn. App. 712, 717, 815 P.2d 293 (1991), *review denied*, 118 Wn.2d 1013 (1992) (right to attorney fees under the mandatory arbitration rule extends to appeals). Kmart has requested attorney fees on appeal. Because we affirm the grant of summary judgment, we also grant Kmart's request for attorney fees on appeal.

GROSSE and COX, JJ., concur.