63 P.3d 156 (2003)
115 Wash.App. 411
Alan BOYD and Cindy Boyd, husband and wife d/b/a Boyd Utility Contracting, Respondents,
v.
Louis KULCZYK and Jane Doe Kulczyk, husband and wife d/b/a Lakeshore Tie and Lumber Company, Appellants.
No. 21042-1-III.
Court of Appeals of Washington, Division 3, Panel Four.
February 6, 2003.
*157 Stanley A. Kempner, Spokane, for Appellants.
Joseph A. Esposito, Spokane, for Respondents.
SCHULTHEIS, J.
Alan Boyd and his wife sued Louis Kulczyk and his wife for damages due to Mr. Kulczyk's alleged breach of a leasing agreement.[1] Because he was unable to serve process *158 on Mr. Kulczyk in Idaho, Mr. Boyd obtained an order authorizing service by mail. Mr. Kulczyk answered and denied entering into a lease. Following arbitration and a trial de novo, the Spokane County Superior Court entered judgment for Mr. Boyd.
On appeal, Mr. Kulczyk argues for the first time that the trial court lacked personal jurisdiction over him because Mr. Boyd failed to file the affidavit required for personal service out of state. RCW 4.28.185. He also contends the trial court erred in allowing testimony regarding Mr. Kulczyk's reputation in the business community. Because we find that Mr. Kulczyk waived the defense of insufficient service of process as well as the challenge to the reputation testimony, we affirm.

FACTS
The undisputed findings of fact entered by the trial court detail the following series of events.[2] In August 2000, Mr. Kulczyk contacted Michael Handy and asked Mr. Handy if he knew anyone with a Low Boy trailer for rent. Mr. Handy called Mr. Boyd, who had an almost new Low Boy trailer. Using the telephone number provided by Mr. Handy, Mr. Boyd called Mr. Kulczyk and they negotiated a rental agreement. Mr. Boyd agreed to rent a trailer to Mr. Kulczyk for a period not to exceed two weeks at a rate of $200 per day. Mr. Boyd also cautioned Mr. Kulczyk not to exceed the weight limitations because a heavy load might damage the trailer. This agreement was never reduced to writing.
Mr. Kulczyk hired Mr. Handy to pick up the trailer in Twisp and deliver it to Mr. Kulczyk's place of business in Hayden, Idaho, where Mr. Kulczyk took delivery. Two weeks passed, and the trailer was not returned. Mr. Boyd made several unsuccessful attempts to contact Mr. Kulczyk personally and by telephone. He then asked Mr. Handy to help. Eventually Mr. Handy reached Mr. Kulczyk, who told him where to find the trailer in Athol, Idaho. Mr. Boyd finally retrieved the trailer 28 days after the date of delivery to Mr. Kulczyk. Due to the delay, Mr. Boyd was forced to lease another trailer and driver. Further, the trailer leased to Mr. Kulczyk was returned damaged.
When Mr. Kulczyk refused to pay for rent or damages, Mr. Boyd filed a summons and complaint in Spokane County Superior Court in March 2001. The process server attempted to serve Mr. Kulczyk on several occasions from February 2 to February 12, 2001. When the process server finally decided that Mr. Kulczyk and his employees would not cooperate, he left the papers with Mr. Kulczyk's office manager. Mr. Boyd then moved for an order permitting service by mail pursuant to CR 4(d)(4). The order was granted and the papers were mailed on March 3, 2001.
In his answer to the complaint, filed in June 2001, Mr. Kulczyk asserted that there was never an agreement or contract between the parties. He made no mention of the service of process. The matter was first argued before an arbitrator, who entered an award in favor of Mr. Boyd. (The arbitrator's decision is not included in the record on appeal.) Mr. Kulczyk then requested a trial de novo.
At trial in February 2002, Mr. Handy was asked on direct examination if he knew Mr. Kulczyk's general reputation in the community for honesty and integrity. He said yes, that Mr. Kulczyk's reputation was "Very difficult" and "Bad." Report of Proceedings (RP) at 44. Mr. Kulczyk raised no objection to these statements. In its oral ruling, the trial court stated that the determination of the facts in this case necessarily hinged on the credibility of the witnesses. Based on its observation of Mr. Kulczyk's manner and statements, the court developed a sense that "he was very carefully tailoring his testimony" and "hedging on his answers." RP at 67-68. The court concluded that the parties had an enforceable lease agreement that Mr. Kulczyk breached, causing $9,466 in damages to Mr. Boyd. Because this amount and the *159 interest on the unpaid rent exceeded the arbitration award, Mr. Boyd was also awarded attorney fees and costs pursuant to MAR 7.3. This appeal followed.

SERVICE OF THE SUMMONS AND COMPLAINT
Mr. Kulczyk first contends the Washington trial court did not obtain personal jurisdiction over him because Mr. Boyd did not file the affidavit of service required by RCW 4.28.185(4). For personal service out of state, the statute provides that "an affidavit [must be] made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4). Because service on a person who is not within the state is in derogation of the common law, the statute authorizing such service is to be strictly pursued. RCL Northwest, Inc. v. Colorado Resources, Inc., 72 Wash.App. 265, 270, 864 P.2d 12 (1993). Filing of the required affidavit must precede the entry of judgment, or the judgment is void. Id.; Barer v. Goldberg, 20 Wash.App. 472, 482, 582 P.2d 868 (1978). In this case, no affidavit was filedbefore or after judgmentstating that Mr. Kulczyk could not be served in Washington. Consequently, the judgment against Mr. Kulczyk will be void unless the affidavit requirement was waived.
Whether inadequate service of process under RCW 4.28.185 can be waived is an issue of first impression. Generally, the defenses of insufficient service of process and lack of personal jurisdiction must be asserted in the responsive pleadings or they are waived. CR 12(b), (h)(1). Such defenses may be considered waived as a matter of law if the defendant's assertion of the defense is inconsistent with previous behavior, or if defendant's counsel has been dilatory in asserting the defense. Lybbert v. Grant County, 141 Wash.2d 29, 38-39, 1 P.3d 1124 (2000) (applying the doctrine of waiver to the service requirements for suits against the county). In this case, the validity of the service of process was never questioned before Mr. Kulczyk's appeal. He appeared, filed responsive pleadings, participated in arbitration, moved for a trial de novo, and tried the matterall without asserting the defense of insufficient service of process. We can think of no better example of the "`trial by ambush' style of advocacy" condemned in Lybbert. Id. at 40, 1 P.3d 1124.
Further, two Washington cases that overturned judgments for failure to file the proper affidavits of service involved default judgments, wherein the defendants never made appearances or filed answers. See Schell v. Tri-State Irrigation, 22 Wash.App. 788, 790, 591 P.2d 1222 (1979); Hatch v. Princess Louise Corp., 13 Wash.App. 378, 534 P.2d 1036 (1975). Default proceedings, however, must be carefully scrutinized for potential due process violations. See Schell, 22 Wash. App. at 790-91, 591 P.2d 1222. A defendant who appears and answers, on the other hand, takes responsibility for protecting his or her own due process rights. To this end, the defendant has a duty to apprise the opposing party and court of all relevant defenses and counterclaims. CR 12(b). Because Mr. Kulczyk failed to timely assert insufficient service of process during his participation in the arbitration and trial proceedings, we conclude that he waived any defenses under RCW 4.28.185(4) as a matter of law.

REPUTATION TESTIMONY
Mr. Kulczyk next contends his credibility was attacked at trial without a proper foundation under ER 608(a). The rule provides that the credibility of a witness may be attacked in the form of reputation testimony, subject to the relevant limitation that the testimony may refer only to the subject's character for truthfulness or untruthfulness. ER 608(a). Additionally, the witness offering reputation testimony must establish that the reputation is drawn from the community's perceptions, not personal opinion, and that the reputation is not remote from the time of trial. Guijosa v. Wal-Mart Stores, Inc., 101 Wash.App. 777, 785-86, 6 P.3d 583 (2000), aff'd, 144 Wash.2d 907, 32 P.3d 250 (2001); State v. Callahan, 87 Wash. App. 925, 935, 943 P.2d 676 (1997).
At trial, Mr. Handy was asked whether he knew Mr. Kulczyk's reputation in the community for honesty and integrity. He answered yes, that Mr. Kulczyk's reputation was "Very difficult" and "Bad." RP at 44. Mr. Kulczyk now contends Mr. Boyd failed to *160 establish the parameters of the community in question and failed to show that this reputation was not remote in time. This issue was not preserved for appeal.
The standard of review for challenges to the foundation of reputation testimony is abuse of discretion. Callahan, 87 Wash.App. at 935, 943 P.2d 676. A trial court's decision to admit reputation testimony will be upheld unless the decision is manifestly unreasonable or based on untenable grounds. Guijosa, 101 Wash.App. at 785, 6 P.3d 583. Here, however, we have no decision of the trial court to review. Mr. Kulczyk raised no objection to Mr. Handy's testimony on the basis of ER 608. Because the claimed error also does not qualify as an error properly raised for the first time on appeal under RAP 2.5, we have no basis for review. State v. Ferguson, 100 Wash.2d 131, 138, 667 P.2d 68 (1983). Accordingly, we do not consider Mr. Kulczyk's ER 608 argument. Id.

ATTORNEY FEES
Mr. Boyd was awarded reasonable attorney fees and costs at trial pursuant to MAR 7.3, which assesses fees and costs against the party who appeals an arbitrator's award and fails to improve his or her position in the trial de novo. Because Mr. Kulczyk again fails to improve his position, Mr. Boyd is entitled to reasonable attorney fees and costs on appeal. Arment v. Kmart Corp., 79 Wash.App. 694, 700, 902 P.2d 1254 (1995); RAP 18.1(f).
Affirmed. Reasonable attorney fees and costs awarded to Mr. Boyd.
WE CONCUR: KATO, A.C.J., and SWEENEY, J.
NOTES
[1] Mr. Boyd and his wife were doing business as Boyd Utility Contracting. Mr. Kulczyk and his wife were doing business as Lakeshore Tie and Lumber Company.
[2] Undisputed findings of fact are verities on appeal. RAP 10.3(g); Moreman v. Butcher, 126 Wash.2d 36, 39, 891 P.2d 725 (1995).