# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEANNE ALVAREZ,

        Appellant,

        v.

WAL-MART STORES, INC., a Delaware
corporation doing business in the state
of Washington,

        Respondent.

No. 69434-1-I

DIVISION ONE

UNPUBLISHED

FILED: February 10, 2014

Cox, J. — Deanne Alvarez appeals the summary dismissal of her premises liability claim against Wal-Mart Stores Inc. Because Alvarez fails in her burden to show the existence of any genuine issue of material fact, we affirm.

In March 2008, Alvarez went to a Wal-Mart store in Lynnwood with her mother and daughter. While in the health and beauty department, Alvarez slipped and fell on what she described as a "white, thick creamy-like substance," which appeared to be "hair conditioner or lotion-like product."

Alvarez testified that before and after her fall she did not see any other customers or store employees in the aisle where she fell.

After she fell, Alvarez found a seat in the pharmacy department. She testified that a man, who identified himself as a manager, talked to her while she

was there, and she told him about her fall. She further testified that the man called for a cleanup in the aisle where she fell, but she was not able to see the cleanup from where she was sitting. Alvarez then completed an accident report.

Alvarez commenced this personal injury action for negligence against Wal-Mart for injuries caused by the fall. Wal-Mart moved for summary judgment, arguing that it did not have actual or constructive notice of the alleged unsafe condition, that an exception to notice did not apply in this case, and that it met its duty to use reasonable care to maintain the safety of the premises. Ultimately, the trial court granted Wal-Mart's motion.

Alvarez appeals.

## NOTICE

Alvarez argues that the trial court should not have dismissed her claim because of lack of notice. First, Alvarez argues that there is a genuine issue of material fact whether Wal-Mart had actual or constructive notice of the allegedly unsafe condition. Second, she argues that she did not need to prove that Wal-Mart had notice of the condition because the "self-service exception" to notice applies. We disagree with both arguments.

This court reviews a grant of summary judgment de novo, undertaking the same inquiry as the court.[1] Summary judgment is proper if, viewing the facts and reasonable inferences most favorable to the nonmoving party, no genuine issue

---

[1] Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002).

of material fact exists and the moving party is entitled to judgment as a matter of law.[2]

The moving party has the initial burden to show that there is no genuine issue as to any material fact.[3] If the moving party satisfies its burden, only then does the burden shift to the nonmoving party to present evidence that material facts are in dispute.[4] "If the nonmoving party fails to do so, then summary judgment is proper."[5]

To prevail on a negligence claim, a plaintiff must prove duty, breach, causation, and injury.[6] For a premises liability action, a land possessor's duty of care is governed by the entrant's common law status as an invitee, licensee, or trespasser.[7]

Here, the parties agree for the purpose of summary judgment that Alvarez was a business invitee. Thus, Wal-Mart owed a duty to exercise "reasonable care" and "inspect for dangerous conditions, 'followed by such repair,

---

[2] CR 56(c); Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 319, 111 P.3d 866 (2005).

[3] Hiatt v. Walker Chevrolet Co., 120 Wn.2d 57, 66, 837 P.2d 618 (1992).

[4] Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

[5] Id.

[6] Tincani v. Inland Empire Zoological Soc., 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994).

[7] Id. at 128.

safeguards, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances.'"[8]

## *Actual or Constructive Notice*

Alvarez argues that there are genuine issues of material fact whether Wal-Mart had actual or constructive notice of the allegedly unsafe condition. We disagree.

In order for a possessor of land to be liable to an invitee for an unsafe condition on the land, the possessor must have actual or constructive notice of that condition unless an exception applies.[9] Actual notice requires proof that the condition was brought to the possessor's attention.[10] Constructive notice is measured by whether the possessor had "sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger."[11] Ordinarily, the length of time the dangerous condition persisted is central to the constructive notice inquiry.[12]

In Carlyle v. Safeway Stores Inc., Division Three of this court considered whether there was a genuine issue of material fact regarding notice.[13] There,

---

[8] Id. at 139 (alteration in the original) (quoting RESTATEMENT (SECOND) OF TORTS § 343, cmt. b).

[9] Pimentel v. Roundup Co., 100 Wn.2d 39, 44, 666 P.2d 888 (1983).

[10] Id.

[11] Id.

[12] See, e.g., Carlyle v. Safeway Stores, Inc., 78 Wn. App. 272, 275, 896 P.2d 750 (1995).

[13] 78 Wn. App. 272, 275, 896 P.2d 750 (1995).

Jeanne Carlyle slipped and fell on "a quarter-sized spot of shampoo" in the coffee section of a Safeway store.[14] The court concluded that Carlyle failed to present evidence to prove that Safeway had notice of the spilled shampoo.[15] "[T]here was no evidence the spill had been on the floor for a long enough time to afford Safeway a sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection and to have removed the hazard . . . ."[16]

Here, the same type of evidence is missing. Alvarez does not point to evidence that Wal-Mart had actual notice. Rather, Alvarez argues that Wal-Mart had constructive notice. To support this argument, she points to her testimony that she did not see any employees near the dangerous condition immediately before her fall and approximately 30 to 45 minutes after her fall. But this testimony does not address the length of time that the condition may have persisted before her fall. Rather, this testimony mainly focuses on the period of time *after* the fall.

Like Carlyle, there was no evidence that the condition had been on the floor for a long enough time to afford Wal-Mart "a sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection and to have removed the hazard."[17] In the absence of such evidence, she has failed to

---

[14] Id. at 274.

[15] Id. at 275.

[16] Id.

[17] Id.

5

establish that Wal-Mart was on constructive notice of the condition that allegedly caused her injury.

In sum, Alvarez fails to point to any evidence that establishes a genuine issue of material fact regarding either actual or constructive notice.

Alvarez argues that the supreme court's "analysis of constructive notice" in Schmidt v. Coogan is "directly on point in this case."[18] But that case is distinguishable.

In Schmidt, the supreme court briefly considered whether Schmidt failed to prove all of the elements of an underlying premises liability claim for a legal malpractice action.[19] The court concluded that there was sufficient evidence to show "[w]hether a defective condition existed long enough so that it should have reasonably been discovered."[20] The evidence showed "that the spill was visible to employees from the cash registers and that during the time [Schmidt] was at the checkout stand, none of the store employees made any effort to clean it up."[21] "In addition, there was evidence that preceding the fall the aisle was clear of other customers who might have recently caused the spill."[22]

---

[18] Appellant's Opening Brief at 34 (citing Schmidt v. Coogan, 162 Wn.2d 488, 173 P.3d 273 (2007)).

[19] Schmidt, 162 Wn.2d at 492.

[20] Id.

[21] Id.

[22] Id.

While Alvarez and her daughter testified that they did not see any customers or employees in the aisle where she fell, this alone is not enough. There was no other evidence to establish the length of time the condition persisted, and there was no evidence that Wal-Mart employees could have easily seen the condition. The absence of this type of evidence distinguishes this case from Schmidt.[23]

As a final note, Alvarez argues that she was "not required to be on vigilant watch for substances on the floor."[24] "To the extent Wal-Mart contends otherwise, there is an issue of material fact concerning whether she could have discovered or anticipated the danger posed by the substance on the floor."[25] While this may be true, as Wal-Mart points out, it did not make arguments regarding contributory negligence in its motion for summary judgment. Rather, summary judgment was proper because Alvarez fails to establish a genuine issue of material fact with respect to notice. Thus, this argument is not helpful.

*Self-Service Exception to Notice*

Alvarez also argues that Wal-Mart did not need to have notice of the condition because of Pimentel v. Roundup Co.'s self-service exception.[26] We again disagree.

---

[23] See id.

[24] Appellant's Opening Brief at 42-44.

[25] Id. at 44.

[26] Appellant's Opening Brief at 40-42 (citing Pimentel v. Roundup Co., 100 Wn.2d 39, 666 P.2d 888 (1983)).

7

Under Pimentel, there is a narrow exception to the notice requirement "when the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable."[27] In such cases, the defendant is deemed to be on notice that hazards will occur in the normal course of business.[28] Accordingly, a plaintiff can show negligence by demonstrating that the defendant failed to engage in "periodic inspections with the frequency required by the foreseeability of risk."[29]

Courts have declined to extend this exception to cases not directly related to a store's "self-service mode of operation."[30] "'Self-service departments are areas of a store where customers service themselves. In such areas, where lots of goods are stocked and customers remove and replace items, hazards are apparent.'"[31] But the exception does not necessarily apply to all areas where customers serve themselves.[32] It only applies to those areas where risk of injury is "'continuous or foreseeably inherent in the nature of the business or mode of

---

[27] Pimentel, 100 Wn.2d at 49.

[28] Wiltse v. Albertson's, Inc., 116 Wn.2d 452, 461, 805 P.2d 793 (1991).

[29] Id.

[30] See, e.g., id.

[31] Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 653, 869 P.2d 1014 (1994) (internal quotation marks omitted) (quoting Coleman v. Ernst Home Ctr., Inc., 70 Wn. App. 213, 218-19, 853 P.2d 473 (1993)).

[32] Id.

operation.'"[33] The plaintiff has the burden of proving that his or her case falls within this narrow exception.[34]

In Carlyle, Division Three also concluded that the Pimentel self-service exception did not apply where Carlyle slipped and fell on shampoo in the coffee section of a Safeway store.[35] The court explained that Carlyle "failed to produce any evidence from which it could reasonably be inferred that the nature of Safeway's business and its methods of operation are such that unsafe conditions are reasonably foreseeable in the area in which she fell."[36] "The mere presence of a slick or slippery substance on a floor is a condition that may arise temporarily in any public place of business."[37] But something more is needed.[38] The plaintiff must show that there is "a relation between the hazardous condition and the self-service mode of operation of the business."[39]

Here, Alvarez fails to meet her burden. She argues that the "very nature" of the health and beauty department satisfies the requirements of this exception. She asserts that the "health and beauty section of a self-service store contains more lotions, creams, gels and oils than any other section of the store." She

---

[33] Id. (quoting Wilste, 116 Wn.2d at 461).

[34] Id. at 654.

[35] Carlyle, 78 Wn. App. at 274.

[36] Id. at 277.

[37] Id.

[38] Id.

[39] Id.

contends that it "defies common sense to suggest that the hazard encountered by Ms. Alvarez in the health and beauty department was not reasonably foreseeable" given the type of products stocked in this department.

But Alvarez does not provide any evidence to support her bald assertion that the health and beauty department "contains more lotions, creams, gels and oils than any other section of the store." Other departments in the store can conceivably contain just as many containers of liquids and would not necessarily fall within this exception.

More importantly, the fact that Wal-Mart stocks containers of liquids in its health and beauty department is not enough to invoke the exception.[40] Rather, it is the relation between the unsafe condition and the self-service mode of operation that is critical. And, like the plaintiff in Carlyle, Alvarez fails to establish this nexus.[41]

During oral argument, Alvarez cited a recent Division Two case that discussed the Pimentel self-service exception. In Tavai v. Walmart Stores Inc., Division Two concluded that the exception did not apply because Avrilirene Tavai failed to produce evidence to show that there was a "relation between a self-service mode of operation at Walmart and the wet floor she slipped on."[42] The court explained that "[w]hile Tavai presented evidence that other people slipped in the store in the past, she did not provide evidence that other people slipped in

---

[40] Id.

[41] Id.

[42] 176 Wn. App. 122, 131, 307 P.3d 811, 816 (2013).

the particular area she slipped in."[43]  The court stated that this evidence was inadequate.[44]

Similarly, Alvarez points to the fact that Wal-Mart stated that the spill was likely caused by a customer.  She also highlights that Wal-Mart admitted that there had been previous spills in the health and deputy department, which caused people to fall.  But, as Wal-Mart points out, during a three-year period, "there were only *two* reported slip-and-fall accidents in the health and beauty section" in that particular store.  Only one of those falls was due to a health and beauty product spill.  The other fall was due to a "chocolate smear."  This evidence is not enough to show "'that the unsafe condition in the particular location of the accident was reasonably foreseeable.'"[45]

Additionally, Alvarez argues that Tavai emphasizes the importance of the location of the spill.  She contends that the spill in this case was reasonably foreseeable because she fell on a shampoo-like substance in the shampoo aisle.  But, as previously discussed, this allegation does not address how the mode of operation in the health and beauty department made the spill reasonably foreseeable.  The mere fact that this department sells liquids, creams, gels, and oils is insufficient to meet the requirements of the exception.

---

[43] Id. at 132.

[44] Id.

[45] Id. (quoting Arment v. Kmart Corp., 79 Wn. App. 694, 698, 902 P.2d 1254 (1995)).

11

Because Alvarez fails to prove that the Pimentel self-service exception applies in this case and fails to point to evidence that creates a genuine issue of material fact regarding actual or constructive notice, the trial court properly dismissed Alvarez's claim. Any factual issues for the other elements of a negligence claim are not material for summary judgment purposes.

## REASONABLE CARE

Alvarez also argues that there is a genuine issue of material fact whether Wal-Mart exercised reasonable care to prevent her injury. We need not reach this argument because Alvarez fails to show the existence of any genuine issues of material fact with respect to notice.

We affirm the order granting summary judgment.

_____
Cox, J.

WE CONCUR:

_____
Spearman, A.C.J.

_____
Dwyer, J.