# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ESTATE OF GARY FILION, by and through Lester Filion as personal representative, | No. 69830-3-I |
| Respondent, | DIVISION ONE |
| | UNPUBLISHED OPINION |
| v. | |
| JULIE JOHNSON, | |
| Appellant. | FILED: May 12, 2014 |

APPELWICK, J. — Johnson appeals the dismissal of her anti-SLAPP defense against Filion's malicious prosecution suit. The trial court found that Johnson failed to affirmatively plead the defense and thus had waived it. Because Johnson was unable to assert the defense, she could not improve her position on trial de novo following arbitration. Accordingly, the trial court awarded Filion fees under MAR 7.3. We affirm.

## FACTS

Julie Johnson and Gary Filion dissolved their marriage in 2006. Their divorce was contentious. Their dissolution decree contained a mutual restraining order preventing them from going onto the grounds of or entering the home, school, or workplace of the other.

The dissolution decree awarded Filion several items of personal property, which he was to pick up from Johnson's residence. The decree provided that "[s]aid items shall be picked up by the Husband at an agreed time at the Shoreline house within 30 days of entry of the Decree."

Johnson sold the Shoreline home. The closing date, including transfer of possession to the buyer, was August 1, 2006, at 9:00 p.m. Johnson and Filion agreed through their attorneys that Filion would pick up his belongings on the afternoon of August 1, any time after 2:00 p.m. Johnson's attorney indicated that Johnson would move her belongings out on July 31.

However, on the morning of August 1, Johnson's real estate agent discovered that Johnson was not finished packing and would not be done until the 9:00 p.m. deadline. The agent informed Filion, who responded that he would still be at the house at 4:00 p.m. to pick up his belongings. When Johnson learned that Filion intended to do so, she told the agent that "'[h]e better not or I'll call the cops!'" The agent called Filion back and either told him that Johnson said, "'[h]e better not'" or "'I hope he doesn't.'"

Filion arrived at the Shoreline house around 4:00 p.m. and knocked on the door. Johnson's son saw that it was Filion and did not open the door. Johnson also saw Filion arrive and began to have a panic attack. She was afraid of Filion, because they had an abusive relationship. She called 911. Johnson's friend, who was helping her pack, told Filion that the police were coming. Filion left, but was later arrested for violating the restraining order. His lawyer also later discovered that Filion's property was not at Johnson's home at the time, but was held at an undisclosed third-party location.

The charges against Filion were ultimately dismissed. Filion then sued Johnson for malicious prosecution, arguing that she made misrepresentations and false statements to the police. Johnson filed a pro se answer on May 16, 2007, asserting the following affirmative defenses: failure to mitigate damages; failure to state a claim upon

which relief can be granted[1]; comparative fault; apportionment; and severability. On October 26, 2008, now represented by counsel, she brought a CR 12(b)(6) motion to dismiss Filion's suit under RCW 4.24.510, Washington's Strategic Lawsuit Against Public Participation (anti-SLAPP) statute. The court heard the motion as one for summary judgment. It denied the motion.

The parties went to mandatory arbitration on February 9, 2009. The arbitrator found in Johnson's favor, but did not indicate the legal or factual basis for the award. He declined to award her fees or damages under RCW 4.24.510. Johnson then sought trial de novo, which was set for July 2009.

At this point, Filion moved to voluntarily dismiss his claims. Johnson objected, arguing that Filion no longer had the ability to voluntarily dismiss the case. The trial court granted Filion's motion on July 9, 2009. Johnson appealed to this court, which reversed the trial court's order on November 11, 2010. Filion v. Johnson, noted at 158 Wn. App. 1045, 2010 WL 4812914. We found that, because the arbitrator had filed an award and Johnson had requested trial de novo, Filion could no longer voluntarily nonsuit. Id. at *2.

On October 8, 2012, Johnson moved for summary judgment on the basis of the anti-SLAPP law.[2] The court denied her motion. It concluded that Johnson's conduct was not within the scope of the statute and that she had waived it as an affirmative defense. It therefore disallowed her from asserting the defense at trial.

---

[1] Johnson did not specify the basis for Filion's failure to state a claim.
[2] At this point, Filion had passed away. His role in the litigation continued by and through his estate.

The parties proceeded by way of stipulated trial. The court found that, regardless of whether Filion prevailed on his claim, Johnson was unable to improve her position on trial de novo without the aid of her anti-SLAPP defense. As a result, it also found that Filion was entitled to fees and costs under MAR 7.3.

Johnson appeals.

## DISCUSSION

Johnson challenges the trial court's denial of her motion for summary judgment seeking to dismiss Filion's suit under RCW 4.24.510. She further contends that she should have been allowed to assert her anti-SLAPP defense at trial de novo. Accordingly, she argues that the trial court improperly awarded fees to Filion under MAR 7.3.

### I. Waiver of Defense

Johnson contends that the trial court erred in denying her 2012 motion seeking summary judgment under RCW 4.24.510 and preventing her from raising her anti-SLAPP defense at trial de novo.[3] The trial court concluded that Johnson had not pleaded the defense and had thus waived it.[4]

---

[3] Filion argues that Johnson was not an aggrieved party and thus had no standing to appeal the arbitration award. He raises this argument as an alternative basis for relief, but does not do so in a cross-appeal. Because we affirm on the basis of waiver, we need not address his argument.

[4] The trial court provided two additional reasons for denying Johnson's motion. First, the court found that Johnson's 2012 motion merely renewed her 2008 motion without presenting new facts or circumstances as required by King County Local Rule (KCLR) 7(b)(7). The court further concluded that Johnson's conduct did not fall within the scope of RCW 4.24.525, a 2010 amendment to the anti-SLAPP statute. LAWS OF 2010, ch. 118, § 2. We note that Johnson's conduct occurred in 2006, before the amendment was enacted. But, because we affirm on waiver, we do not address the propriety of the trial court's other bases for denying the motion.

4

CR 8(c) establishes that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively [any matter] constituting an avoidance or affirmative defense." Generally, affirmative defenses are waived unless (1) affirmatively pleaded; (2) asserted in a CR 12(b) motion; or (3) tried with the parties' express or implied consent. Henderson v. Tyrrell, 80 Wn. App. 592, 624, 910 P.2d 522 (1996). The policy behind this rule is to avoid surprise. Id. Accordingly, a defense may be waived if a defendant's assertion of the defense is inconsistent with the defendant's previous behavior or if the defendant's counsel is dilatory in asserting the defense. Lybbert v. Grant County, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000).

In French v. Gabriel, 116 Wn.2d 584, 587, 593-94, 806 P.2d 1234 (1991), the court found that the defendant preserved his affirmative defense by raising it in his answer, even though his answer was several months late. While the court expressed displeasure at his tardiness, it reasoned that the defendant's conduct was neither inconsistent with the intent to bring his defense nor resistant to efforts by the plaintiff to move the case along. Id. at 593. By contrast, in Raymond v. Fleming, 24 Wn. App. 112, 114, 600 P.2d 614 (1979), the defendant repeatedly asked for continuances in response to the plaintiff's requests for an answer and attempts to resolve the case. The defendant ultimately delayed the case for almost a year before bringing a CR 12(b) motion asserting insufficient service as an affirmative defense. Id. at 115. The court found the defense waived due to dilatory conduct. Id. Likewise, in Lybbert, the court found that the defendant waived its insufficient service defense by acting for nine months as if it were

preparing to litigate on the merits and then raising the defense in its answer filed only after the statute of limitations had run. 141 Wn.2d at 32, 44-45.

Johnson's initial answer did not assert the anti-SLAPP statute as an affirmative defense. Johnson was pro se at the time. But, a pro se litigant is held to the same standard as an attorney. Batten v. Abrams, 28 Wn. App. 737, 739 n.1, 626 P.2d 984 (1981). On the record before us, it appears that Johnson did not raise the defense for seventeen months, in her CR 12(b) motion on October 26, 2008. In the meantime, the parties had demonstrated the ability and intent to litigate. Johnson filed a joint confirmation of trial readiness on July 14, 2008. Filion filed a jury demand on July 17. The trial date was set for August 4. Then, the parties stipulated to strike the trial date and transfer the case to mandatory arbitration. The order transferring the case was signed July 24. The parties then waited until August 21, nearly a month later, to file the order. Two months after that, Johnson raised her affirmative defense.

Unlike the defendant in French, Johnson did not preserve her defense by raising it in her answer. See 116 Wn.2d at 593. Instead, like the defendant in Lybbert, she engaged in trial preparation without demonstrating any intent to pursue the defense. See 141 Wn.2d at 32. Her assertion of the defense was thus inconsistent with her conduct over the previous seventeen months. This delay was even longer than in Lybbert and Raymond. See id.; Raymond, 24 Wn. App. at 114. With the trial date set and the case transferred to arbitration, Johnson was at a further point in the trial progression than in either of those cases. See Lybbert, 141 Wn.2d at 33; Raymond, 24 Wn. App. at 114; CP

632, 634. It was dilatory to wait until that point to assert the defense.[5] This constituted waiver of Johnson's anti-SLAPP defense. Nothing that happened in the ensuing years of litigation changed that fact.

The trial court properly denied Johnson's motion for summary judgment and prevented her from raising her anti-SLAPP defense at trial de novo.

## II. Attorney Fees

Johnson contends that the trial court improperly awarded fees to Filion under MAR 7.3. MAR 7.3 mandates a fee award against a party who appeals an arbitration award and fails to improve his or her position on trial de novo. Johnson appealed the arbitration award, but could not raise her anti-SLAPP defense. She thus could not improve her position on trial de novo. The trial court properly awarded fees against her under MAR 7.3.

Johnson requests attorney fees and costs both at the trial level and on appeal. Under RCW 4.24.510, a party who prevails on the anti-SLAPP defense is entitled to recover reasonable attorney fees and costs. Johnson does not prevail on her defense. We deny her request.

Filion requests fees on appeal under MAR 7.3. A party who is entitled to fees under MAR 7.3 at the trial court level is also entitled to fees on appeal if the appealing party again fails to improve its position. Arment v. Kmart Corp., 79 Wn. App. 694, 700,

---

[5] Johnson further assigns error to the trial court's denial of her 2008 motion to dismiss. We know that the basis of Johnson's 2008 motion was also her anti-SLAPP defense under RCW 4.24.510. The record does not show the trial court's reasoning for denying her motion. However, based on the facts before us, we conclude that the trial court's decision would have been properly supported by waiver.

902 P.2d 1254 (1995). The trial court awarded Filion fees under MAR 7.3. Johnson, the appealing party, again failed to improve her position. We award Filion fees on appeal.[6]

We affirm.

WE CONCUR:

---

[6] Filion maintains that his ultimate goal is to see this case dismissed and he is willing to forfeit his right to attorney fees in order to do so. While the court lacks the authority to fashion this arrangement, the parties have the ability to do so.