# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN JONES,

        Appellant,

        v.

MCDONALD'S RESTAURANTS OF
WASHINGTON, INC., Store #4957,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 70412-5-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 16, 2014

2014 JUN 16 AM 10: 26  COURT OF APPEALS DIV 1  STATE OF WASHINGTON  FILED

BECKER, J. — John Jones was injured when he slipped on spilled soda and ice while exiting the restroom of a fast-food restaurant. He contends that the self-service exception to the notice requirement applies because restaurant customers filled their own beverages from a dispenser located next to the order counter. But because Jones failed to identify specific facts suggesting that the risk of injury in the area where he fell was a reasonably foreseeable consequence of the self-service component of the restaurant's method of operations, the trial court properly dismissed his negligence claims on summary judgment. We affirm.

The material facts are undisputed. At around noon on September 25, 2008, Jones entered a Marysville McDonald's Restaurant and stood in line before placing a food order at the counter. A man wearing a backpack stood in front of Jones and

ordered a drink. After receiving a cup, the man continued several steps to the self-service beverage dispenser, which was located next to the order counter.

While Jones placed his food order, the second man filled his cup from the dispenser. Carrying his drink, the man then walked around the corner and proceeded through an unoccupied dining area and into a short hallway, where he left the restaurant through a rear door. Jones followed a few steps behind the man, intending to use the restroom while waiting for his order. The restroom doors were located in the hallway, opposite the rear exit door.

Jones entered the restroom at about the same time as the second man went out through the exit door. As he was leaving, the second man spilled or dropped his drink onto the hallway floor. Less than a minute before the man left the restaurant, a store employee swept the rear dining area and inspected the hallway. Jones concedes that the floor was clean and dry when he entered the restroom.

Jones estimated that he was in the restroom about two to five minutes. As he came out of the restroom, Jones stepped into the spill and "bam, I fell just like that."[1] After falling, Jones limped to the front counter and informed the manager of the accident. Surveillance cameras recorded the accident.

Jones filed this action for personal injuries on September 21, 2011, alleging that McDonald's was negligent in failing to maintain the hallway and in failing to warn customers of an unsafe condition. McDonald's moved for summary judgment. Both

---

[1] Clerk's Papers at 98.

parties submitted video recordings from the restaurant's surveillance cameras. The trial court granted McDonald's motion on April 12, 2013. The court denied Jones's motion for reconsideration on April 25, 2013.

Standard of Review

An appellate court reviews summary judgment orders de novo, "stand[ing] in the same position as the trial court." Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 713-14, 248 P.3d 150 (2011). We consider the materials before the trial court and construe the facts and inferences in the light most favorable to the nonmoving party. Hubbard v. Spokane County, 146 Wn.2d 699, 706-07, 50 P.3d 602 (2002). Summary judgment is proper only if there is no genuine issue of material fact. CR 56(c); Hubbard, 146 Wn.2d at 707.

Self-Service Exception

Generally, the possessor of land is not liable to a business invitee for an unsafe condition caused by another unless the possessor had actual or constructive notice of the unsafe condition. Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 652, 869 P.2d 1014 (1994). Jones does not allege that McDonald's had actual or constructive notice of the spill outside the restroom door. Rather, he contends that he was relieved of the obligation to prove notice because the circumstances here fall within the "self-service" exception to the notice requirement.

Under the self-service exception, a plaintiff need not demonstrate actual or constructive notice if he or she can point to specific facts showing that "the nature of

-3-

the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable." Pimentel v. Roundup Co., 100 Wn.2d 39, 49, 666 P.2d 888 (1983). Notice of specific hazards is unnecessary in such circumstances because the proprietor's "mode of operation" creates certain foreseeable risks of harm to the customers. Ciminski v. Finn Corp., Inc., 13 Wn. App. 815, 820, 537 P.2d 850, review denied, 86 Wn.2d 1002 (1975).

Contrary to Jones's apparent assumption, however, the self-service exception "does not apply to the entire area of the store in which customers serve themselves." Ingersoll, 123 Wn.2d at 653. The exception is a narrow one, "limited to specific unsafe conditions in specific areas that are inherent in the nature of self-service operations." Arment v. Kmart Corp., 79 Wn. App. 694, 698, 902 P.2d 1254 (1995). The exception applies only to those areas where the risk of injury is "continuous or foreseeably inherent in the nature of the business or mode of operation." Wiltse v. Albertson's, Inc., 116 Wn.2d 452, 461, 805 P.2d 793 (1991). "There must be a relation between the hazardous condition and the self-service mode of operation of the business." Ingersoll, 123 Wn.2d at 654.

Consequently, in order to defeat summary judgment, Jones needed to identify specific facts supporting an inference that McDonald's methods of operation were such that unsafe conditions were reasonably foreseeable in the area where he fell. This he failed to do.

McDonald's self-service drink dispenser was located next to the order counter. The possibility of spills in this general area as customers help themselves to ice and beverages is reasonably foreseeable. But the accident occurred around the corner from the drink dispenser, past the dining area, and in the hallway between the restrooms and a rear exit door. Jones submitted no evidence describing the flow of patrons who use the beverage dispenser, the pattern of substances on the floor, or the historical experience of slip and fall accidents in the area. See Ingersoll, 123 Wn.2d at 654-55. Under the circumstances, he failed to demonstrate that any risk of injury in the rear hallway was continuous or foreseeably inherent in McDonald's methods of operation.

Because the self-service exception does not apply, and Jones does not allege that McDonald's had actual or constructive notice of the condition, the trial court properly dismissed his claims on summary judgment. See Tavai v. Walmart Stores, Inc., 176 Wn. App. 122, 132, 307 P.3d 811 (2013) (self-service exception did not apply to wet floor 15 feet from check-out counter); Ingersoll, 123 Wn.2d at 653-55 (exception did not apply to unknown substance in common area of a shopping mall); Carlyle v. Safeway Stores, Inc., 78 Wn. App. 272, 896 P.2d 750 (exception did not apply to shampoo on the floor in the coffee section of a supermarket), review denied, 128 Wn.2d 1004 (1995); Arment, 79 Wn. App. at 698 (exception did not apply to drink spilled in menswear department).

Moreover, even if the self-service exception applied, it would not result in strict liability. O'Donnell v. Zupan Enters., Inc., 107 Wn. App. 854, 860, 28 P.3d 799, 801-02 (2001), review denied, 145 Wn.2d 1027 (2002). Jones still bore the burden of establishing that McDonald's failed to exercise reasonable care. O'Donnell, 107 Wn. App. at 860. What is reasonable under the circumstances depends on "the nature and the circumstances surrounding the business conduct[ ]," including the mode of operation. Ciminski, 13 Wn. App. at 819. "The mere presence of a slick or slippery substance on a floor is a condition that may arise temporarily in any public place of business." Carlyle, 78 Wn. App. at 277. There is no dispute that the unsafe condition here arose during the brief period that Jones was in the restroom when another patron spilled or dropped his drink while walking out of the restaurant. Jones failed to identify any evidence supporting an inference that McDonald's failed to exercise reasonable care under the circumstances.[2]

Surveillance Videos

Jones appears to contend that the trial court erred in considering the surveillance videos when ruling on the summary judgment motion. Both parties submitted a DVD containing video recordings from the restaurant security cameras on the day of the accident. The recordings included continuous footage from the camera near the front order counter and the camera in the rear area. McDonald's

---

[2] Jones's citation to an unpublished Court of Appeals decision is improper. See GR 14(1)(a) (party may not cite as authority an unpublished decision of the Court of Appeals).

also prepared a two-minute edited video that combined footage from both cameras and depicted only the events directly surrounding the accident. When McDonald's used the edited video during Jones's deposition, he identified himself as the person depicted in the video and confirmed that the events related to his accident.

During oral argument, counsel for Jones expressed "concerns" about the videos, but she did not challenge their admissibility and relied on the videos during her argument on the summary judgment motion. On appeal, Jones asserts that the DVD "is totally unreliable, . . . not authentic[,] . . . misinterprets time, place and how the accident occurred,"[3] and constitutes inadmissible hearsay. But he provides no meaningful legal argument to support these conclusory allegations.

Under ER 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." State v. Bradford, 175 Wn. App. 912, 928, 308 P.3d 736 (2013), review denied, 179 Wn.2d 1010 (2014). The trial court is not bound by the rules of evidence when making a determination as to authenticity. State v. Williams, 136 Wn. App. 486, 500, 150 P.3d 111 (2007).

As indicated, Jones acknowledged during his deposition that the video depicted him standing at the order counter on the day of the accident and certain subsequent events leading up to his fall. McDonald's also submitted declarations

---

[3] Br. of Appellant at 21.

from Lindsay Hitchcock and Benjamin Hampton describing how they processed the original two digital files from the security cameras. Hitchcock converted the original raw files to Windows Media format and then slowed down the original file speed so that the recordings depicted events more closely to real time. Hampton described in detail how he converted the original files to Windows Media format and then combined footage from the two cameras to depict the events directly surrounding the accident.

Jones asserts that because both Hitchcock and Hampton used the term "edited" to describe their processing of the videos, they necessarily distorted or omitted relevant information. But Hitchcock confirmed that she only slowed the original recordings and "did not cut, delete nor tamper with any of the original surveillance footage when producing the edited versions."[4] Hampton explained that in combining the footage from the two cameras, he did not delete any of the original video from the point that Jones walked behind the second man to the restroom until he limped back to the front counter after the accident. Jones does not identify any evidence to the contrary. Any challenge to the authenticity of the videos is without merit, and the trial court properly considered them in ruling on the summary judgment motion.

Affirmed.

---

[4] Clerk's Papers at 84.

-8-

Becker, J.

WE CONCUR:

Trickey, J

Appelwick, J