[No. 3583-1.   Division One.   May 5, 1975.]

WILLARD HATCH, *as Executor, Respondent,* v. PRINCESS LOUISE CORPORATION, *Appellant.*

*Mathew D. Griffin, Inc., P.S.,* for appellant.

*Quigley, Hatch, Loveridge & Leslie* and *James F. Loveridge, Jr.*, for respondent.

WILLIAMS, C.J.—The controlling question in this case is whether the trial court had personam jurisdiction of the Princess Louise Corporation when a default judgment was entered against it. We hold that the court did not.

The facts are that Willard Hatch, executor of the estate of Selma Rodgers, deceased, brought an action in King County Superior Court against the Princess Louise Corporation claiming monies due on a note, and asking for foreclosure of a chattel mortgage covering a 300-foot hulk located in Seattle, which secured the note. A copy of the summons and complaint was served upon the secretary-treasurer of the corporation in Long Beach, California, on March 26, 1974. On June 4, 1974, the court entered a default judgment foreclosing the chattel mortgage on the hulk and, in addition, ordering the corporation to pay the note. The affidavit which is required by RCW 4.28.185(4) was signed on October 29, 1974, and filed the next day.

The corporation does not contest the foreclosure portion of the judgment. It does, however, object to the personam judgment against it on the ground that the court did not have jurisdiction at the time the judgment was entered. The challenge is to the tardy filing of the affidavit required by RCW 4.28.185(4). That section is:

> Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

It must be remembered that the exercise of jurisdiction over a person who is not within the state by service outside of the state is of purely statutory creation and is in derogation of the common law. The statute authorizing such service must be strictly pursued, *Davis v. Woollen*, 191 Wash. 379, 71 P.2d 172 (1937); *Lutkens v. Young*, 63 Wash. 452, 115 P. 1038 (1911); *Ryland v. Universal Oil Co.*, 8 Wn. App. 43, 504 P.2d 1171 (1972), and the pursuit must result in substantial compliance with the statute in order for ju-

risdiction to be conferred upon the court. *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, 66 Wn.2d 469, 403 P.2d 351 (1965), *cert. denied*, 382 U.S. 1025, 15 L. Ed. 2d 539, 86 S. Ct. 644 (1966); *Sowers v. Lewis*, 49 Wn.2d 891, 307 P.2d 1064 (1957). In *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, *supra*, it was said at page 472:

> The statute [RCW 4.28.185(4)] does not provide that the affidavit must be filed *before* the summons and complaint are served, but simply that the service will be valid only when such an affidavit is filed. Consequently, the service became valid when the affidavit was filed. Furthermore, we have the rule in this state that substantial and not strict compliance is sufficient where a proper affidavit is filed, although late, where it appears that no injury was done the defendant as a result of the late filing. *Whitney v. Knowlton*, 33 Wash. 319, 74 Pac. 469.

At the time judgment was entered against the Princess Louise Corporation, there had not been substantial compliance with the statute. Indeed, there had been no compliance at all insofar as the affidavit required by subsection (4) is concerned. The court acquired no jurisdiction and so its judgment is void. *John Hancock Mut. Life Ins. Co. v. Gooley*, 196 Wash. 357, 83 P.2d 221, 118 A.L.R. 1484 (1938). We know of no way to bring it to life, and Hatch has suggested none.

■ Hatch contends that the judgment should not be vacated because the Princess Louise Corporation did not offer a meritorious defense. None is required if the attack upon the judgment is based upon want of jurisdiction. *John Hancock Mut. Life Ins. Co. v. Gooley, supra*; *Ballard Sav. & Loan Ass'n v. Linden*, 188 Wash. 490, 62 P.2d 1364 (1936); *Lushington v. Seattle Auto & Driving Club*, 60 Wash. 546, 111 P. 785 (1910).

The judgment of the Superior Court is reversed as to the exercise of personam jurisdiction over the Princess Louise Corporation, and affirmed as to the exercise of in rem jurisdiction in foreclosing the mortgage on the hulk.

JAMES and ANDERSEN, JJ., concur.