[No. 2605-3. Division Three. March 8, 1979.]

STAN SCHELL, ET AL, *Respondents*, v. TRI-STATE IRRIGATION, ET AL, *Appellants*.

*Michael R. Tabler,* for appellants.

*Robert A. Kiesz,* for respondents.

ROE, J.—Plaintiffs Schell answered an ad for irrigation equipment placed in the "Washington Farmer" by defendant Tri–State Irrigation Co., a Colorado corporation. After negotiations with Tri–State's president, defendant Robert L. Tiedgen, the Schells agreed to purchase over $80,000 worth of equipment for their wheat farm in Douglas County. The equipment was allegedly defective and the Schells filed suit in Washington for breach of warranty, seeking damages for repair costs and the loss of their wheat crop. Pursuant to RCW 4.28.185(2), the summons and complaint were sent to the sheriff of Logan County, Colorado, who there personally served defendants Tri–State and Tiedgen, Colorado residents. None of the defendants then filed an answer or otherwise appeared in

the action. After entering findings of fact and conclusions of law, the trial court signed a default judgment against all defendants in the amount of $174,074.20. Two months later, defendants retained Washington counsel and moved to set aside the judgment, alleging that the court lacked personal jurisdiction over them due to the Schells' failure to file timely the affidavit required by RCW 4.28.185(4):

> Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

The Schells then filed this affidavit the next day. Finding this to be "substantial compliance" with the statute, the trial court refused to set aside the default judgment. Defendants filed a subsequent motion for reconsideration and alternative motion for order setting aside default judgment on the grounds of excusable neglect. Following the denial of these motions, defendants appealed.

■ RCW 4.28.185 enlarged personal jurisdiction over foreign corporations and nonresident defendants. This method of obtaining jurisdiction is in derogation of the common law and must be strictly construed since jurisdiction is acquired only as provided by the statute. This "long-arm" statute is also limited by the due process clause. *Smith v. York Food Mach. Co.*, 81 Wn.2d 719, 504 P.2d 782 (1972). Under RCW 4.28.185(2),[1] personal service outside Washington has the same legal effect as personal service within this state. Subsection (4) of the statute, quoted above, conditions the validity of out-of-state service on the filing of the affidavit.

■ The Schells argue that substantial compliance with the statute is sufficient, citing *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, 66 Wn.2d 469, 403 P.2d 351 (1965). That case involved the same statute: the affidavit was filed 11 days after the summons and complaint were

---

[1] "Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state."

served, obviously before judgment. Rejecting the defendant's argument that such service was improper under the statute, the court held:

> The statute does not provide that the affidavit must be filed *before* the summons and complaint are served, but simply that the service will be valid only when such an affidavit is filed. Consequently, the service became valid when the affidavit was filed. Furthermore, we have the rule in this state that substantial and not strict compliance is sufficient where a proper affidavit is filed, although late, where it appears that *no injury* was done the defendant as a result of the late filing.

(Italics ours.) *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp., supra* at 472 (citing *Whitney v. Knowlton,* 33 Wash. 319, 74 P. 469 (1903), which involved a 3–day lapse between the verification and filing of an affidavit of nonresidency).

The Schells contend that the required showing of injury to the defendant "must, common sense tells us, be something other than the taking of the judgment." We disagree. A judgment entered without valid personal jurisdiction over the defendant violates due process.

*Hatch v. Princess Louise Corp.,* 13 Wn. App. 378, 534 P.2d 1036 (1975), is directly on point and we adopt the ratio decidendi thereof. There, defendant Princess Louise Corporation was personally served in California but did not appear in the action in Washington. *After a default judgment was entered,* the plaintiff filed the statutory affidavit. On appeal, the judgment of the trial court was reversed as to the exercise of in personam jurisdiction over the defendant and the judgment held void.

> At the time judgment was entered against the Princess Louise Corporation, there had not been substantial compliance with the statute. Indeed, there had been no compliance at all insofar as the affidavit required by subsection (4) is concerned. The court acquired no jurisdiction and so its judgment is void.

*Hatch v. Princess Louise Corp., supra* at 380. The Schells maintain that *Hatch* is in direct conflict with *Ryland v.*

*Universal Oil Co.,* 8 Wn. App. 43, 504 P.2d 1171 (1972). In that case, the affidavit, although late, was filed *before judgment* and jurisdiction over the defendant was accordingly upheld. We fail to see the conflict. As stated in *Barer v. Goldberg,* 20 Wn. App. 472, 482, 582 P.2d 868 (1978): "No particular time of filing is required as long as it *precedes* the judgment." (Italics ours.) Here the statute was ignored. Any other holding would eliminate the statutory requirement of the affidavit unless it was challenged.

■ According to CR 55(c) and 60(b)(5), a default judgment may be set aside if it is void. The defendant need not offer a meritorious defense if the challenge to the judgment is based upon lack of personal jurisdiction. *Hatch v. Princess Louise Corp., supra; Bennett v. Supreme Tent of the Knights of Maccabees of the World,* 40 Wash. 431, 82 P. 744 (1905).

Judgment is reversed.

MUNSON and MCINTURFF, JJ., concur.