[No. 57385-3-I. Division One. February 20, 2007.]

SHAREBUILDER SECURITIES CORPORATION, *Respondent*, v. TROY T. HOANG ET AL., *Appellants*.

*Matthew N. Metz* and *Andrew C. Herman* (of *Law Offices of Matthew N. Metz*) and *Andrew M. Peters*, for appellants.

*William A. Kinsel* (of *Law Offices of William A. Kinsel, PLLC*), for respondent.

¶1 BAKER, J. — ShareBuilder Securities Corporation alleges that Troy Hoang defrauded the corporation of approximately $2,000. It served a summons and complaint for fraud at Troy Hoang's presumed California residence. Although service was outside Washington, ShareBuilder did not comply with the statutory requirements for out-of-state service. When no one appeared, ShareBuilder obtained a default judgment. But it attempted to collect the judgment from Troy Hoang's sister, Trang Hoang. The trial court denied Trang Hoang's motion to vacate based on lack of

personal jurisdiction. We reverse, because the court did not have personal jurisdiction over Trang Hoang. ShareBuilder did not comply with RCW 4.28.185(4), and Trang Hoang was not a named party.

I

¶2 Troy T. Hoang allegedly engaged in fraud. Share-Builder contends that he opened a brokerage account and made a number of transactions. The complaint alleges that Mr. Hoang phoned ShareBuilder several times to inquire about funds that had not yet been sent to his bank account and eventually stole $2,172.26 via wire transfers. ShareBuilder had a California address for Troy Hoang, where at least one check had been mailed to him. A computer database listed numerous aliases for Troy T. Hoang, including "Trang T. Hoang." However, the database contained several disclaimers regarding its own reliability.

¶3 ShareBuilder sued "Troy T. Hoang aka Trang T. Hoang" individually and the marital community of "Troy T. Hoang and Jane Doe Hoang" for fraud and breach of contract. It served process on an adult resident, Tuan Hoang, at the California address. Trang Hoang, Troy's sister, lives at that address, but claims that Tuan Hoang did not give her the summons and complaint. She says Troy Hoang is her brother, and they did live together occasionally, but she was not involved in any transactions with ShareBuilder. She claims to know nothing about Troy Hoang's alleged dealings with ShareBuilder.

¶4 When no one responded, ShareBuilder obtained a default judgment. ShareBuilder entered a sister state judgment in California. That judgment was also served at Trang Hoang's residence; her father, Alan Hoang, was served. Trang Hoang received the judgment and called Share-Builder's California counsel the next day. She explained that Troy was her brother, he no longer lived with her, and she knew nothing about the situation. The attorney told Hoang to send copies of her driver's license and Social

Security card to prove her identity. She says she did; ShareBuilder claims it did not receive the documents. After consulting her own attorney, Hoang concluded that the collection action did not affect her because it named her brother and did not list her driver's license or Social Security number.

¶5 When her employer received a notice of garnishment, Hoang took legal action. She filed a claim of exemption in California state court, but the judge told her she would need to clear up the matter in Washington. The court below denied her motion to vacate the Washington judgment. Hoang appeals.

## II

¶6 This court reviews de novo the trial court's denial of a motion to vacate a final order for lack of jurisdiction.[1] Questions of statutory interpretation are also reviewed de novo.[2]

### Service of Process Outside Washington

¶7 RCW 4.28.185(4) specifies that "[p]ersonal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." The affidavits must be filed prior to judgment.[3] In addition to incorporating the language of RCW 4.28.185(4), the affidavit should describe the circumstances that prevent in-state service.[4] Substantial, rather than strict, compliance with RCW 4.28.185(4) is permitted.[5] However, substantial compliance means that, viewing all

---

[1] *In re Marriage of Wilson*, 117 Wn. App. 40, 45, 68 P.3d 1121 (2003).

[2] *In re Wilson*, 117 Wn. App. at 45.

[3] *Schell v. Tri-State Irrigation*, 22 Wn. App. 788, 792, 591 P.2d 1222 (1979).

[4] 27 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES-DEBTORS' RELIEF § 5.4, at 484 (1998).

[5] *Barr v. Interbay Citizens Bank of Tampa*, 96 Wn.2d 692, 696, 635 P.2d 441, 649 P.2d 827 (1981).

affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state.[6]

■ ¶8 ShareBuilder claims substantial compliance because counsel filed an affidavit stating that service was accomplished at Hoang's California residence:

> Attached hereto as Exhibit B is the Proof of Service showing service on defendants Hoang in California on April 7, 2004 by personal service and delivery of copies of the Summons and Complaint to their residence.

No other affidavit, except the process server's standard affidavit of service, appears in the prejudgment record.

¶9 The above language does not substantially comply with RCW 4.28.185(4). The mere statement that Hoang was served at her California residence does not lead to the logical conclusion that she could not be served within the state. She might also have a residence in Washington or frequent Washington for business purposes. Hoang's affidavit that she has never been to Washington cannot create substantial compliance because it was not filed before entry of the judgment.

■ ¶10 If a plaintiff has not complied with RCW 4.28.185(4), then there is no personal jurisdiction and the judgment is void.[7] Whether the defendant presents a meritorious defense is irrelevant.[8] ShareBuilder did not comply, and the trial court erred when it refused to vacate the judgment on that basis.

Named Party

¶11 Hoang also argues that enforcing the judgment against her was improper because she was not a party named in the complaint. ShareBuilder contends that Trang Hoang is named, albeit as an alias. They also suggest that

---

[6] *Barr*, 96 Wn.2d at 696.

[7] *Hatch v. Princess Louise Corp.*, 13 Wn. App. 378, 380, 534 P.2d 1036 (1975).

[8] *Hatch*, 13 Wn. App. at 380.

she may be a coconspirator or may actually be the party who committed the alleged fraud.

¶12 Naming the wrong defendant does not automatically render a summons and complaint insufficient, but it must be clear from the record that the party who was served is in fact the correct one.[9] In *Entranco Engineers v. Envirodyne, Inc.*,[10] the summons and complaint named a parent corporation, Envirodyne, Inc., but service of process was on a subsidiary, Envirodyne Engineers.[11] The complaint and the record described only the activities of the subsidiary and not those of the parent corporation.[12] Also, it was clear that the subsidiary was the party Entranco intended to sue. This court held that the default judgment was enforceable against the subsidiary.[13] Critically, the court found that the subsidiary would understand from reading the complaint that it, not the parent, was the entity Entranco intended to sue.[14] The court also held that the judgment was not enforceable against the parent corporation, even though it was technically named in the complaint, for lack of personal jurisdiction.[15]

¶13 The record reflects that Trang Hoang is not the party ShareBuilder intended to sue. This is not based solely on her affidavit but also on the simple fact of her gender. ShareBuilder mistakenly contends that this is solely a case of anonymous internet contact, but company employees spoke to Troy Hoang on the phone and identified him as male. Also, the complaint names Troy Hoang's marital community of "Troy T. Hoang and Jane Doe Hoang." The prejudgment record reflects that ShareBuilder intended to

---

[9] *Entranco Eng'rs v. Envirodyne, Inc.*, 34 Wn. App. 503, 505-06, 662 P.2d 73 (1983).

[10] 34 Wn. App. 503, 662 P.2d 73 (1983).

[11] *Entranco*, 34 Wn. App. at 504.

[12] *Entranco*, 34 Wn. App. at 506.

[13] *Entranco*, 34 Wn. App. at 506.

[14] *Entranco*, 34 Wn. App. at 506.

[15] *Entranco*, 34 Wn. App. at 506 n.2.

sue a man; Trang Hoang is a woman. This, along with her affidavit, is prima facie evidence that Trang Hoang is not the party named in the complaint. It is sufficient to support a motion to vacate.

¶14 ShareBuilder's assertion that Trang and Troy may have been coconspirators is unavailing. The complaint names one party, not two. If there were any indication that Trang was a coconspirator, ShareBuilder should have sued Troy Hoang and Trang Hoang as separate individuals, not by listing Trang as an alias for Troy. The trial court erred by refusing to vacate for lack of personal jurisdiction over Trang Hoang.

## Attorney Fees

¶15 As a prevailing party served outside the state, "there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."[16] Hoang notified the court of the grounds for her request under RAP 18.1(b).[17] Because ShareBuilder's errors necessitated this appeal, Hoang's reasonable attorney fees and costs are granted.

## Terms

¶16 ShareBuilder argues that despite reversal, it is still entitled to fees and expenses at the trial and appellate level. When the default is entered due to mistake, delay, or inadvertence by the defendant, and the plaintiffs have clean hands, terms may be appropriate.[18] However, the

---

[16] RCW 4.28.185(5).

[17] "The party must devote a section of its opening brief to the request for the fees or expenses. Requests made at the Court of Appeals will be considered as continuing requests at the Supreme Court. The request should not be made in the cost bill. In a motion on the merits pursuant to rule 18.14, the request and supporting argument must be included in the motion if the requesting party has not yet filed a brief." RAP 18.1(b).

[18] See *White v. Holm*, 73 Wn.2d 348, 356-57, 438 P.2d 581 (1968); *Tiffin v. Hendricks*, 44 Wn.2d 837, 845-46, 271 P.2d 683 (1954).

338

judgment here is vacated as void due to ShareBuilder's errors. Terms are denied.

¶17 Reversed.

COX and DWYER, JJ., concur.