203 P.3d 1069 (2009)
Bill MORRIS, Respondent,
v.
PALOUSE RIVER AND COULEE CITY RAILROAD, INC., Appellant.
No. 27038-6-III.
Court of Appeals of Washington, Division 3.
March 24, 2009.
*1071 William J. Schroeder, Gregory C. Hesler, Paine, Hamblen LLP, Spokane, WA, for Appellant.
Gary J. Libey, Libey, Ensley, Esser & Nelson PLLC, Colfax, WA, for Respondent.
BROWN, J.
¶ 1 Palouse River and Coulee City Railroad Co., Inc. (PCC) appeal the denial of its CR 60(b) motion to vacate a default judgment acquired by Bill Morris. We grant PCC's appeal because the trial court failed to acquire jurisdiction over PCC under the service provisions of RCW 4.28.080(4) that require in-state service of PCC's agent. Accordingly, we reverse.

FACTS
¶ 2 Mr. Morris bought seven acres of undeveloped hillside property in Whitman County. On January 7, 2004, a train belonging to PCC, a Washington Corporation, derailed and damaged the Morris property.
¶ 3 In May 2006, a process server attempted to serve Brad Smith, the registered agent listed on Washington's Secretary of State website at PCC's office in Rosalia, Washington. The website expressly disclaims the accuracy, reliability and timeliness of the information on its website. The Rosalia office was locked and closed. An employee at a nearby business informed the process server that PCC's Rosalia office was relocated to Lewiston, Idaho, approximately 75 miles away.
¶ 4 At the Lewiston office, the process server asked for Mr. Smith, but was told he was no longer with the company and that Ray Leiterman was in charge. The process server served the summons and complaint on Mr. Leiterman. Mr. Leiterman forwarded the summons and complaint to Carlton Kennard, PCC's parent company's assistant general counsel in Kansas. Mr. Kennard claims he asked an assistant to forward the summons and complaint to William J. Schroeder, an attorney and PCC's local registered agent. Mr. Schroeder declared the summons and complaint were not received by him.
¶ 5 On July 18, 2006, Mr. Morris successfully requested a default order for failure to respond to the summons and complaint, receiving $87,093 in damages. On November 27, 2006 initially PCC moved to vacate the default judgment, and after an unsuccessful mediation, PCC renewed the motion in November 2007.[1] The court denied the motion and PCC appealed.

ANALYSIS
¶ 6 The issue is whether, under these facts and the requirements of RCW 4.28.080(4), the trial court abused its discretion in denying PCC's CR 60(b) motion to vacate the default order and judgment. We agree with PCC's contention that the judgment should be vacated under CR 60(b)(5) because it is void for lack of jurisdiction based on improper service. Thus, we do not reach PCC's contentions dealing with mistakes, inadvertence, excusable neglect or irregularities under CR 60(b)(1).
¶ 7 We review a trial court's ruling under CR 60(b) for an abuse of discretion. Showalter v. Wild Oats, 124 Wash.App. 506, 510, 101 P.3d 867 (2004). Discretion is abused if it is exercised without tenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). "`Default judgments are generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits.'" Topliff v. Chicago Ins. Co., 130 Wash.App. 301, 304, 122 P.3d 922 (2005) (quoting Showalter, 124 Wash.App. at 510, 101 P.3d 867). Our main focus is whether the default judgment is just and equitable; thus, "`we evaluate the trial *1072 court's decision by considering the unique facts and circumstances of the case before us.'" Id. at 305, 122 P.3d 922 (quoting Showalter, 124 Wash.App. at 511, 101 P.3d 867). A decision not to set aside a default judgment is more likely to be reversed than a court's decision to set aside a default judgment. Topliff, 130 Wash.App. at 305, 122 P.3d 922.
¶ 8 CR 60(b) permits relief from a final order upon showing: "(5) [t]he judgment is void." "Proper service of the summons and complaint is essential to invoke personal jurisdiction." In re Marriage of Markowski, 50 Wash.App. 633, 635-36, 749 P.2d 754 (1988). A default judgment entered without personal jurisdiction is void. Id. at 636, 749 P.2d 754.
¶ 9 To be valid, service of process must comply with statutory requirements. Thayer v. Edmonds, 8 Wash.App. 36, 40, 503 P.2d 1110 (1972). If a complaint is filed against a railroad corporation, RCW 4.28.080(4) states, "The summons shall be served by delivering a copy thereof ... to any station, freight, ticket or other agent thereof within this state." (Emphasis added.) "Where a statute is unambiguous, the court assumes the legislature means what it says and will not engage in statutory construction past the plain meaning of the words." In re Estate of Jones, 152 Wash.2d 1, 11, 93 P.3d 147 (2004) (citing Davis v. Dep't of Licensing, 137 Wash.2d 957, 963-64, 977 P.2d 554 (1999)). "Questions of statutory interpretation are questions of law that are reviewed de novo." Bostain v. Food Exp., Inc., 159 Wash.2d 700, 708, 153 P.3d 846 (2007).
¶ 10 Unless clear contrary legislative intent exists, the word "shall" in a statute is a mandatory directive. Kabbae v. Dep't of Social & Health Servs., 144 Wash. App. 432, 441, 192 P.3d 903 (2008). And, "within this state" plainly means within the state of Washington. This court ascertains a statutory provision's plain meaning by examining "`the statute in which the provision at issue is found, as well as related statutes or other provisions of the same act in which the provision is found.'" City of Olympia v. Drebick, 156 Wash.2d 289, 295, 126 P.3d 802 (2006) (quoting Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 10, 43 P.3d 4 (2002)). The other subsections in RCW 4.28.080 that limit service within Washington refer to corporations operating sleeping cars, domestic insurance companies, and corporations operating express businesses. RCW 4.28.080(5), (6), and (8). By expressly mandating some corporations be served within Washington, the legislature plainly conveyed its intent for service in our state.
¶ 11 RCW 4.28.185 allows personal service outside Washington in certain cases when service cannot be made within the state. But, "[p]ersonal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4). "If a plaintiff has not complied with RCW 4.28.185(4), then there is no personal jurisdiction and the judgment is void." Sharebuilder Sec., Corp. v. Hoang, 137 Wash. App. 330, 335, 153 P.3d 222 (2007). Mr. Morris' two affidavits of service in our record do not explain why service could not be made on any of PCC's stations, freights, tickets or agents within Washington. Jurisdiction over a person "`by service outside the state is of purely statutory creation and is in derogation of the common law.'" RCL Nw., Inc. v. Colorado Res., Inc., 72 Wash.App. 265, 270, 864 P.2d 12 (1993) (quoting Hatch v. Princess Louise Corp., 13 Wash.App. 378, 379, 534 P.2d 1036 (1975)). "`The statute authorizing such service is to be strictly pursued.'" Id.
¶ 12 Because the process server served Mr. Morris' summons and complaint on an individual at PCC's Idaho office without explanation why service could not be made in Washington as required under RCW 4.28.080(4), service was invalid. Thus, the trial court did not have personal jurisdiction over PCC. The judgment was, therefore, void. The court abused its discretion in denying PCC's motion to vacate under CR 60(b)(5). Since this issue is dispositive, we do not reach PCC's other CR 60(b) issues. See Lake v. State Farm Mut. Auto. Ins. Co., 127 Wash.App. 114, 117, 110 P.3d 806 (2005) (courts need only address dispositive issues).
*1073 ¶ 13 After PCC filed its motion to vacate, Mr. Morris prudently served PCC's Washington agent, Mr. Schroeder, before the statute of limitations expired. Accordingly, the trial court's ruling is reversed.
WE CONCUR: KULIK, A.C.J., and KORSMO, J.
NOTES
[1] On December 4, 2006, Mr. Morris formally served Mr. Schroeder prior to the expiration of the three-year statute of limitations.