# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

MEEKER COURT CONDOMINIUM ) No. 77735-1-I
OWNERS ASSOCIATION, a )
Washington non-profit and )
SUMMERHILL RENTAL )
MANAGEMENT, LLC, )
)
              Appellants, )
) DIVISION ONE
   v. )
)
NICOLE GONZALEZ, a/k/a NICOLE )
MORRISON, DEUTSCHE )
BANK NATIONAL TRUST COMPANY, )
and PNC BANK NATIONAL )
ASSOCIATION, ) UNPUBLISHED OPINION
)
        Respondents. ) FILED: April 23, 2018

2018 APR 23 AH 9:08 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

SPEARMAN, J. — Under Washington's long-arm statute, RCW 4.28.185, a plaintiff who effects personal service on an out-of-state defendant must file an affidavit stating that service could not be made within the state. Where the affidavit requirement is not met, personal service outside the state is not valid and the trial court does not acquire personal jurisdiction.

The Meeker Court Condominium Owners Association and Summerhill Rental Management appeal the trial court's order vacating a default judgment against the Deutsche Bank National Trust Company (Deutsche Trust). But

because Meeker Court failed to file the affidavit required by RCW 4.28.185(4), the trial court lacked jurisdiction. The default judgment was void. We affirm.

## FACTS

Nicole Gonzalez owned a condominium in the Meeker Court complex. Deutsche Trust held a mortgage secured by the condominium and Meeker Court held a lien for unpaid condo association assessments. Meeker Court initiated a foreclosure action and named Deutsche Trust as a defendant. Meeker Court filed an affidavit stating that it effected personal service on the manager of a Deutsche Bank branch in Santa Ana, California. Deutsche Trust did not respond or appear and, in October 2015, the trial court entered a default judgment and decree of foreclosure. Summerhill Rental Management bought the condominium at a Sheriff's sale in May 2016 and later sold the condominium to a third party.

In November 2016, Deutsche Trust moved to vacate the default judgment. The company asserted that Meeker Court failed to file the affidavit required by RCW 4.28.185(4), the court did not have personal jurisdiction over Deutsche Trust, and the default judgment was void. In response, Meeker Court filed an affidavit stating that, before effecting personal service in May 2015, it had determined that Deutsche Trust could not be served in-state. Meeker Court argued that it had substantially complied with the long-arm statute. Summerhill intervened in the action and asked that Meeker Court be allowed to amend its declaration of service to include the affidavit stating that Deutsche Trust could not be served in-state.

The trial court ruled that it lacked personal jurisdiction over Deutsche Trust and the default judgment was therefore void. In its oral ruling, the court stated that it did not have discretion to allow Meeker Court to amend its prejudgment pleadings. The court vacated the default judgment and denied Meeker Court's motion for reconsideration.

## DISCUSSION

In a joint brief, Meeker Court and Summerhill appeal the trial court's decision to vacate the default judgment for lack of personal jurisdiction. We generally review a trial court's decision on a motion to vacate for abuse of discretion. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). But we review questions of law de novo. Id. When the facts are not in dispute, whether the trial court had personal jurisdiction is a question of law. Lewis v. Bours, 119 Wn.2d 667, 669, 835 P.2d 221 (1992).

To invoke personal jurisdiction over an out-of-state defendant, a plaintiff must comply with the requirements of Washington's long-arm statute, RCW 4.28.185. In relevant part, the statute states that personal service on an out-of-state defendant is valid only when an affidavit stating that the defendant cannot be served within the state is filed:

> (2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state. . .
>
> . . .
> (4) Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

RCW 4.28.185(2)(4).

3

The statute does not specify when the affidavit must be filed. But personal service on the out-of-state defendant does not become valid until a proper affidavit is filed. Hatch v. Princess Louise Corp., 13 Wn. App. 378, 380, 534 P.2d 1036 (1975). A judgment entered before an affidavit is filed is void for lack of jurisdiction. Id.

Personal jurisdiction is established, however, where the plaintiff substantially complies with the affidavit requirement. Id. at 379-80; Sharebuilder Securities, Corp. v. Hoang, 137 Wn. App. 330, 334, 153 P.3d 222 (2007). "[S]ubstantial compliance means that, viewing all affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state." Sharebuilder, 137 Wn. App. at 334-35 (citing Barr v. Interbay Citizens Bank of Tampa, Fla., 96 Wn.2d 692, 696, 649 P.2d 827 (1982)).

In this case, the only prejudgment affidavit states that Meeker Court effected personal service on the manager of a Deutsche Bank branch in Santa Ana, California. The affidavit does not address whether the Deutsche Bank National Trust Company could be served within the state and thus does not substantially comply with RCW 4.28.185(4).

Meeker Court does not dispute that the failure to file an affidavit was error. But it contends that it cured the error by filing a post-judgment affidavit. Meeker Court asserts that the trial court erred in ruling that it did not have discretion to allow Meeker Court to amend its pleadings.

Where the underlying default judgment is void for lack of jurisdiction, the trial court has a nondiscretionary duty to vacate. Dobbins v. Mendoza, 88 Wn.

4

App. 862, 871, 947 P.2d 1229 (1997). Washington courts have consistently held that, where the affidavit requirement of RCW 4.28.185(4) is not met prior to judgment, the judgment is void for lack of jurisdiction. See Barr, 96 Wn.2d at 696 (judgment valid where prejudgment affidavits substantially complied with RCW 4.28.185(4)); Ralph's Concrete Pumping, Inc., v. Concord Concrete Pumps, Inc., 154 Wn. App. 581, 225 P.3d 1035 (2010) (failure to comply with affidavit requirement rendered judgment void); Morris v. Palouse River and Coulee City R.R., Inc., 149 Wn. App. 366, 372, 203 P.3d 1069 (2009) (judgment void where prejudgment affidavits did not substantially comply); Sharebuilder, 137 Wn. App. at 335 (judgment void for lack of jurisdiction where affidavit did not substantially comply). Boyd v. Kulczyk, 115 Wn. App. 411, 415, 63 P.3d 156 (2003) ("Filing of the required affidavit must precede the entry of judgment, or the judgment is void."); Hatch, 13 Wn. App. at 378 (post-judgment affidavit could not cure lack of jurisdiction).

Meeker Court attempts to distinguish these cases on the grounds that, in this case, there is no evidence that Deutsche Trust could have been served in Washington. The argument is without merit. In determining whether the trial court had jurisdiction, the question is whether Meeker Court substantially complied with RCW 4.28.185(4) prior to judgment. Because Meeker Court did not do so, the default judgment is void for lack of jurisdiction and the trial court was required to vacate.

Meeker Court contends, however, that this case is governed by First Federal Sav. & Loan Ass'n of Walla Walla v. Ekanger, 93 Wn.2d 777, 613 P.2d

5

129 (1980). In that case, the reviewing court permitted post-judgment amendment of the pleadings to comply with the service by publication statute, RCW 4.28.100. Ekanger, 93 Wn.2d at 781-82. In reaching this result, the Ekanger court apparently adopted this court's reliance on CR 4(h), which permits amendment of process at any time. See id. at 781; First Federal Sav. & Loan Ass'n of Walla Walla v. Ekanger, 22 Wn. App. 938, 944-46, 593 P.2d 170 (1979).

The holding in Ekanger concerns service by publication. It does not control where service under RCW 4.28.185 is at issue. This is illustrated by Barr, 96 Wn.2d at 696. In that case, decided after Ekanger, the Supreme Court considered whether the prejudgment record established substantial compliance with the affidavit requirement of RCW 4.28.185(4). Id. The Barr court did not rely on CR 4, which does not generally apply to personal service out of state. CR 4(e)(2).

We apply the analysis articulated in Barr. Because Meeker Court did not substantially comply with the affidavit requirement, the default judgment is void for lack of jurisdiction. We affirm.

Affirmed.

WE CONCUR:

_Spearman, J._

_Dwyer, J._

_Appelwick, C.J._