**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| KENNETH P. ZIMMERMAN, JR. and VICTORIA L. ZIMMERMAN, husband and wife, | No. 53763-0-II |
| Appellants, | |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY FSB, as trustee for STANWICH MORTGAGE LOAN TRUST A, | UNPUBLISHED OPINION |
| Respondents, | |
| NORTH CASCADE TRUSTEE SERVICES, INC., trustee to deed of trust, | |
| Defendant. | |

GLASGOW, J.—Kenneth and Victoria Zimmerman defaulted on their mortgage. Six years later, they filed an action seeking to quiet title against their deed of trust because any action to foreclose would be barred by the statute of limitations. They personally served defendant Wilmington Savings Fund Society FSB in Delaware, but they failed to file a declaration stating that Wilmington could not be served in Washington as required by our long arm statute.

Wilmington failed to appear, and the trial court granted the Zimmermans a default order and judgment. Wilmington later moved to vacate the default order and judgment, arguing that the trial court lacked personal jurisdiction based on failure to comply with the long arm statute. The trial court vacated the default order and judgment.

The Zimmermans appeal, asserting that they substantially complied with the long arm statute because the record contains an affidavit from which the trial court could logically conclude

that Wilmington could not be served in Washington and, if Wilmington was properly served, there is no defect in the default order and judgment. We disagree and affirm.

FACTS

Wilmington held a promissory note secured by a deed of trust on the Zimmermans' home. The note required monthly installment payments until 2038. It is undisputed that the Zimmermans stopped making their monthly payments and that they were in default as of July 1, 2010. Wilmington did not accelerate the debt, and the Zimmermans never resumed payments.

RCW 7.28.300 allows the owner of real estate to quiet title against a deed of trust where an action to foreclose would be barred by the statute of limitations. In 2016, the Zimmermans brought an action to quiet title over the deed of trust based on RCW 7.28.300 seeking to have the deed of trust declared null and void.

The Zimmermans filed two affidavits related to service on Wilmington. First, a process server attempted to serve Wilmington at 500 Delaware Avenue in Wilmington, Delaware. The process server's first affidavit explained that service was rejected and a "[l]egal [a]dministrator" told them that "[a]ll documents related to a trust must be served on their trust division at 501 Carr Road" in Wilmington, Delaware. Clerk's Papers (CP) at 15. The second affidavit established personal service of the summons and complaint at the Carr Road address. Neither affidavit mentioned any attempt to serve Wilmington in Washington. Nor is there any information in this record explaining why Wilmington could not be served in Washington.

North Cascade Trustee Services answered the complaint and was dismissed by agreed order. Wilmington did not appear and the trial court entered an order of default in February 2017. The trial court also entered a final order concluding that the underlying debt secured by the deed

of trust would be barred by the statute of limitations, quieting title, and requiring that the deed of trust be removed from the county auditor's record.

Then in December 2018, Wilmington filed a CR 60 motion to show cause why default should not be set aside and vacated. Wilmington argued that under RCW 4.28.185(4), Washington's long arm statute, the Zimmermans were required to file an affidavit establishing that Wilmington could not be served in Washington, but they failed to do so. As a result, the trial court lacked personal jurisdiction over Wilmington. Wilmington argued that the default judgment was therefore void and had to be vacated.

The trial court entered an order requiring the Zimmermans to show cause. In response, the Zimmermans argued that they had substantially complied with the long arm affidavit requirement because they had submitted an affidavit explaining that all documents related to a trust had to be served at Wilmington's Carr Road address in Delaware. The logical conclusion from this affidavit, they said, was that Wilmington could not be served in Washington.

The trial court initially declined to vacate the default order, finding substantial compliance. Wilmington moved for reconsideration. Recognizing that a substantial compliance analysis included consideration of harm or injury, Wilmington argued on reconsideration that the entire amount owed under the note should not have been excused as a result of the six-year statute of limitations. The note required monthly installment payments, and the statute of limitations accrued for each missed payment when that payment became due. *See Edmundson v. Bank of Am. N.A.*, 194 Wn. App. 920, 927-28, 378 P.3d 272 (2016). Thus, when Wilmington filed its motion for reconsideration in 2019, only two to three years of payments that had been due for more than six years were barred. But the default order deprived Wilmington of the ability to enforce payment

obligations that were not barred by the statute of limitations.

Upon reconsideration, the trial court entered an order that effectively granted the relief Wilmington was requesting. The final order on reconsideration stated: "The [d]efault and [d]efault [j]udgment entered against Wilmington are vacated only with respect to installment payments not barred by the statute of limitations related to [p]laintiffs' complaint." CP at 206. The trial court also included language stating that it "hereby finds" "[t]he [p]laintiffs substantially complied with RCW 4.28.185 and service was valid on the [d]efendants in Delaware. The court finds there was no injury to the [d]efendants with respect to the [d]efault of payments not barred by the statute of limitations."[1] CP at 205.

The trial court later entered a judgment for money and decree of foreclosure in Wilmington's favor under the same cause number. In part, this later order granted summary judgment to Wilmington on the Zimmermans' quiet title claim.

The Zimmermans appeal the order on reconsideration vacating the default order and judgment against Wilmington. Wilmington did not cross appeal.

ANALYSIS

The Zimmermans contend that the trial court erred when it granted Wilmington's CR 60 motion to vacate the default order and judgment. They assert that the portion of the order finding substantial compliance with the affidavit requirement in RCW 4.28.185(4), the long arm statute, cannot be revisited because Wilmington did not appeal. Alternatively, the Zimmermans argue that service was proper because they substantially complied by filing an affidavit explaining that

---

[1] The "not" in this sentence appears to be a mistake. CP at 205.

Wilmington would only accept service at the Carr Road address in Delaware. The Zimmermans assert that if service was proper, then Wilmington raised no valid basis under CR 60 to vacate the default order and judgment, and they contend that the trial court improperly modified a final order. Finally, the Zimmermans argue that there was no basis for the trial court to consider the merits of the underlying statute of limitations issue when addressing the motion to vacate. We disagree and conclude that the trial court was correct to vacate the default order and judgment.

Default judgments are generally disfavored because we prefer to determine cases on their merits. *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 446, 332 P.3d 991 (2014). Under CR 55(c)(1), a default order may be set aside "[f]or good cause shown and upon such terms as the court deems just," and a default judgment may be set aside in accordance with CR 60(b). CR 60(b), in turn, provides that a court may relieve a party from a final order or judgment for several enumerated reasons, including that the judgment is void. CR 60(b)(5). A default judgment is void when entered without personal jurisdiction. *Ha*, 182 Wn. App. at 446.

We generally review a decision on a motion to vacate for abuse of discretion. *Morrin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). But "[w]hether a judgment is void is a question of law that we review de novo." *Ha*, 182 Wn. App. at 447. When the facts are not in dispute, whether the trial court had personal jurisdiction is a question of law. *Lewis v. Bours*, 119 Wn.2d 667, 669, 835 P.2d 221 (1992).

A.    Scope of Review

The Zimmermans rely on the portion of the trial court's order where the trial court "finds" substantial compliance with the long arm statute and proper service. They note that Wilmington

has not cross appealed. Thus, the Zimmermans contend, they can conclusively rely on this portion of the order. We disagree.

Despite the trial court's use of the term "finds," the actual facts here were undisputed. No party disputes that the affidavit reflects what the Zimmermans' process server was told. But resolving whether those facts amount to substantial compliance with the long arm statute and whether service was valid both require legal conclusions. Where a finding is mislabeled, we review it for what it really is, here a legal conclusion. *See, e.g.*, *State v. Conway*, 8 Wn. App. 2d 538, 552 n.8, 438 P.3d 1235 (2019); *see also*, *Lewis*, 119 Wn.2d at 669 (When the facts are not in dispute, whether the trial court had personal jurisdiction is a question of law.).

Moreover, even though Wilmington did not appeal any portion of the trial court's order vacating the default order and judgment, the Zimmermans did appeal this order and the entire order is designated in the notice of appeal. The trial court's determinations regarding substantial compliance and proper long arm service prejudicially affect its ultimate determination as to whether the default order and judgment must be vacated. *See* RAP 2.4(b). So even if we were to parse the various portions of the appealed order, which we are not inclined to do, the trial court's decisions regarding long arm service would still be within the proper scope of our review.

B.      Personal Jurisdiction and Washington's Long Arm Statute

To invoke personal jurisdiction over an out-of-state defendant, the plaintiff must comply with Washington's long arm statute. The statute provides that "[p]ersonal service outside the state shall be valid *only* when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4) (emphasis added). Personal service on the out-of-state defendant ordinarily does not become valid until the affidavit is filed, making a judgment entered

absent the required affidavit void for lack of personal jurisdiction. *Hatch v. Princess Louise Corp.*, 13 Wn. App. 378, 380, 534 P.2d 1036 (1975). The party seeking to show proper jurisdiction has the burden to show compliance. *See John Does v. CompCare, Inc.*, 52 Wn. App. 688, 693, 763 P.2d 1237 (1988). And the statute is applied narrowly because jurisdiction obtained through service out of state "is in derogation of the common law." *Hatch*, 13 Wn. App. at 380.

Substantial compliance with the affidavit requirement can be enough, however. *Sharebuilder Secs., Corp. v. Hoang*, 137 Wn. App. 330, 334, 153 P.3d 222 (2007). First, substantial compliance requires that when "viewing all affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state." *Id.* at 334-35. Second, there must have been no injury to the defendant from the noncompliance. *See Barr v. Interbay Citizens Bank*, 96 Wn.2d 692, 696, 649 P.2d 827 (1982).

In *Sharebuilder*, the mere fact that the defendant was served in another state was not enough to support a logical conclusion that they could not be served in Washington. 137 Wn. App. at 335. In contrast, affidavits establishing a business was not licensed in Washington, did no business of any sort in Washington, and had no employees or agents in Washington, were enough to support a logical conclusion that service in Washington was impossible. *Barr*, 96 Wn.2d at 696.

Here, the Zimmermans relied on a single sentence in an affidavit of attempted service explaining that a Wilmington "[l]egal [a]dministrator" told the process server: "All documents related to a trust must be served on their trust division at 501 Carr Road" in Wilmington, Delaware. CP at 15. The Zimmermans contend that the logical conclusion to be drawn from that sentence is that service in Washington was impossible. *See Sharebuilder*, 137 Wn. App. at 334.

The affidavit never mentioned any attempt to serve Wilmington in Washington and instead only addressed service attempts made in Delaware, nor is there any other evidence in this record that service in Washington was attempted. The affidavit also does not mention any discussion with the legal administrator about whether or how service in Washington could be accomplished. The facts do not support a logical conclusion that service could not be had in Washington. We disagree with the trial court and conclude that there was no substantial compliance. The Zimmermans failed to satisfy RCW 4.28.185(4).[2]

Washington courts have consistently held that where a party has not complied with the long arm statute prior to judgment, the judgment is void for lack of jurisdiction. *E.g.*, *Morris v. Palouse River & Coulee City R.R.*, 149 Wn. App. 366, 372, 203 P.3d 1069 (2009) (judgment void where prejudgment affidavits did not substantially comply); *see also Sharebuilder*, 137 Wn. App. at 335. Where the underlying default judgment is void for lack of jurisdiction, the trial court has a nondiscretionary duty to vacate. *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). Thus, the trial court was correct to vacate the default order and judgment under CR 60(b)(5).[3]

The Zimmermans also assert that the trial court should not have considered the underlying statute of limitations arguments. We need not address this issue because we have already

---

[2] To the extent the Zimmermans also argue that Wilmington failed to establish the injury prong of the substantial compliance test, we need not reach this issue because the Zimmermans failed to establish that service could not be had in Washington.

[3] Wilmington concedes it is not entitled to enforce installment payments barred by the statute of limitations, and it does not object to the corresponding language in the trial court's order vacating the default order and judgment.

concluded that the Zimmermans' substantial compliance argument fails because the Zimmermans failed to satisfy RCW 4.28.185(4). Whether the underlying statute of limitations analysis was a proper consideration in the trial court's substantial compliance analysis need not be addressed here.[4]

## CONCLUSION

While we disagree with the trial court's reasoning in part, we affirm the trial court's order to vacate the default order and judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Maxa, J.

---

[4] The Zimmermans also raise the timeliness of the motion to vacate and they mention res judicata and the concept of finality in their reply brief. Neither issue was raised below. We therefore decline to address these issues.