# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

WILEY SMITH JR.,

     Appellant,

   v.

KRISSTAL CHAMPNESS and JOHN
DOE CHAMPNESS, wife and husband,
and the marital community composed
thereof, ROBERT LECAVALIER and
JANE DOE LECAVALIER, husband and
wife, and the marital community
composed thereof,

     Respondents.

DIVISION ONE

No. 83158-5-I

UNPUBLISHED OPINION

DWYER, J. — Wiley Smith appeals the trial court's order dismissing his personal injury action for failure to effect service within the applicable statutory limitation period. Smith argues that the trial court erred in failing to weigh the credibility of the witnesses to find that defendant Krisstal Champness was personally served at her residential address in California.[1] Smith further contends that the trial court erred in failing to apply the doctrines of excusable neglect, substantial compliance, waiver, or equitable tolling to avoid dismissal. The evidence in the record is insufficient to establish that Smith effectuated

---

[1] Smith's appellate briefing raises no challenge to the dismissal of his lawsuit as to defendants Robert and Jane Doe LeCavalier. A party "is deemed to have waived any issues that are not raised as assignments of error and argued by brief." State v. Sims, 171 Wn.2d 436, 441, 256 P.3d 285 (2011); RAP 10.3(a)(4), (g).

proper out-of-state service on Champness, and equitable relief is unwarranted under these circumstances. We therefore affirm.

I

On November 22, 2017, Wiley Smith and Krisstal Champness were involved in a motor vehicle accident in Snohomish County. The police report listed an address for Champness in Everett, Washington. Robert LeCavalier was listed as the car's registered owner.

On November 12, 2020, shortly before the three-year statutory limitation period expired, Smith filed a personal injury lawsuit in Snohomish County Superior Court against Champness and LeCavalier. On November 24, 2020, counsel for Champness and LeCavalier entered a notice of appearance stating that it was entered "without waiving objections as to improper service or jurisdiction."

On December 11, 2020, Smith moved for an order authorizing him to serve Champness and LeCavalier by mail. The defendants timely filed an opposition to the motion. Smith failed to confirm the motion as required by local rules and it was struck. Accordingly, the court did not rule on the motion.

On July 30, 2021, Smith moved for an order of default judgment claiming that his process server personally served Champness on December 11, 2020. He further argued that the court should grant his original motion to serve by mail and accept service performed on LeCavalier. In opposition to the motion, the defendants pointed out that although Smith claimed to have personally served Champness in California, he failed to file an affidavit attesting that service could

2

not be made within Washington, as required by RCW 4.28.185.  They further argued that the process server's affidavit was false.  In support of this assertion, the defendants submitted the declaration of Logan King, who stated that he informed the process server that Champness was not physically present at the premises but that the process server handed the documents to him anyway.

On August 16, 2021, Champness and LeCavalier moved to dismiss Smith's lawsuit under CR 12(b)(2) for lack of personal jurisdiction and CR 12(b)(5) for insufficient service of process.  They asserted that the three-year statutory limitation period applicable to personal injury actions had expired and that Smith had failed to effectuate proper service within 90 days of filing the lawsuit, as RCW 4.16.170 requires.  In response, Smith argued that the court should deny the motion because Champness had actual notice of the action within the limitation period.  Alternatively, Smith argued that the court should apply the doctrines of excusable neglect, substantial compliance, and equitable tolling to allow his claim to proceed.

On August 27, 2021, the trial court entered an order dismissing Smith's lawsuit on the ground that he failed to properly serve the defendants within the statutory limitation period.  Smith appeals.

II

"Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party."  Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011).  The plaintiff bears the initial burden to prove a prima facie case of sufficient service.  Scanlan v. Townsend, 181 Wn.2d 838,

847, 336 P.3d 1155 (2014). "'[M]ere receipt of process and actual notice alone do not establish valid service of process.'" Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc., 154 Wn. App. 581, 585, 225 P.3d 1035 (2010) (quoting Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 177, 744 P.2d 1032 (1987)).

Where, as here, "'the trial court considers matters outside the pleadings on a motion to dismiss for lack of personal jurisdiction, we review the trial court's ruling under the de novo standard of review for summary judgment.'" Columbia Asset Recovery Grp., LLC v. Kelly, 177 Wn. App. 475, 483, 312 P.3d 687 (2013) (quoting Freestone Cap. Partners LP v. MKA Real Est. Opportunity Fund I, LLC, 155 Wn. App. 643, 653, 230 P.3d 625 (2010)). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When the key facts are not in dispute, whether service of process was proper is a pure question of law that we review de novo. Heinzig v. Seok Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015).

Washington requires civil damage actions to be commenced within three years. RCW 4.16.080. Under RCW 4.16.170, a plaintiff may toll the statute for 90 days by filing a complaint and then serving a defendant within this time period. Failing to properly serve a defendant within this time period means that "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." RCW 4.16.170; Wothers v. Farmers Ins. Co. of Wash., 101 Wn. App. 75, 79, 5 P.3d 719 (2000). Here, Smith filed the complaint on

4

November 12, 2020, thus tentatively commencing the lawsuit and tolling the statute of limitation for 90 days.

Smith asserts that the process server properly accomplished out-of-state personal service on Champness at her residential address in Bakersfield, California on December 11, 2020, well within the statutory limitation period. He contends that the trial court should have weighed the credibility of the process server against that of Logan King to find that Champness was in fact personally served. But the process server's affidavit of service does not appear in the record before us. As a party seeking review, the appellant has the burden to perfect the record so that the reviewing court has all evidence relevant to the issues presented. RAP 9.6(a); Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). The failure to do so precludes appellate review. Stiles v. Kearney, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).

Smith attempts to remedy this problem by attaching an unstamped copy of the affidavit of service as an appendix to his opening appellate brief. However, RAP 10.3(a)(8) prohibits a party from submitting an appendix that includes "materials not contained in the record on review without permission from the appellate court." Smith has not obtained the required permission. Nor has Smith shown that the document was ever presented to the trial court. Accordingly, we decline to consider it.[2] Because the record before us contains no evidence that

---

[2] Where a plaintiff meets the initial burden to demonstrate a prima facie case of sufficient service, contradictory declarations as to whether personal service was accomplished create a question of fact for the trial court to resolve. See Harvey, 163 Wn. App. at 327 (noting that a court may abuse its discretion by failing to hold an evidentiary hearing when affidavits present an issue of fact requiring a determination of witness credibility). That is not the situation here. Given the record before us, we do not resolve this matter on the basis of the declarations.

Champness was personally served, Smith has not met his burden to prove a prima facie case of sufficient service.

Moreover, even if we were to consider the document attached to Smith's brief, we would still affirm dismissal of Smith's lawsuit. Under Washington's long-arm statute, RCW 4.28.185, service of process may be made by personally serving the defendant outside this state. Personal service outside the state is valid, however, "only when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4). "If a plaintiff has not complied with RCW 4.28.185(4), then there is no personal jurisdiction and the judgment is void." Sharebuilder Sec. Corp. v. Hoang, 137 Wn. App. 330, 335, 153 P.3d 222 (2007). Statutes authorizing service of process on out-of-state parties are in derogation of common law and thus are strictly construed. Ralph's Concrete Pumping, 154 Wn. App. at 585. Here, Smith failed to provide the affidavit testimony required by RCW 4.28.185(4).

Smith argues that the trial court should have found that he substantially complied with statutory service requirements. Personal jurisdiction over an out-of-state defendant may be established where the plaintiff substantially complies with the affidavit requirement. Sharebuilder, 137 Wn. App. at 334. "[S]ubstantial compliance means that, viewing all affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state." Sharebuilder, 137 Wn. App. at 334-35 (citing Barr v. Interbay Citizens Bank, 96 Wn.2d 692, 696, 635 P.2d 441, 649 P.2d 827 (1981)). Smith asserts that he attempted service on Champness in state, mailed notice via registered mail, and then

6

achieved service out-of-state at her place of residence in California. But the record before us contains no evidence whatsoever in support of these claims. Smith has not met his burden to demonstrate valid service on Champness or any other defendant within the statute of limitations.

III

Next, Smith argues that any flaws in his attempt to effectuate proper service were justified by excusable neglect. CR 60 authorizes a court to relieve a party from a final judgment or order based on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." A defendant may be entitled to vacation of a default judgment under CR 60(b)(1) if the defendant can show "(1) [t]hat there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear . . . was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party." White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968).

Smith contends it was reasonable for him to rely on the process server's declaration stating that Champness was personally served, and that the process server's mistake, if any, is "exactly the type of thing CR 60 . . . is aimed to excuse." Smith is incorrect. As discussed above, the process server's declaration is not in the record before us. More fundamentally, Smith is the plaintiff in this action, not the defendant. CR 60(b)(1) has no bearing on the

dismissal of Smith's lawsuit based on failure to effect proper service within the statutory limitation period.

IV

Smith next argues that Champness waived the affirmative defense of insufficient service of process. This is so, he contends, because counsel for Champness and LeCavalier entered an appearance in the lawsuit and opposed the motion to serve by mail. We disagree.

A defendant may waive the affirmative defense of insufficient service if assertion of the defense is inconsistent with the defendant's previous behavior or if the defendant has been dilatory in asserting it. Lybbert v. Grant County, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000). The doctrine of waiver in this context is "'designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage.'" Harvey, 163 Wn. App. at 323 (quoting King v. Snohomish County, 146 Wn.2d 420, 424, 47 P.3d 563 (2002)).

Smith argues that Champness waived the defense of insufficient service of process by filing a notice of appearance and responding to the motion to serve by mail, thus demonstrating that she had actual notice of the action. But mere knowledge of the pendency of an action is insufficient to confer jurisdiction. Painter v. Olney, 37 Wn. App. 424, 427, 680 P.2d 1066 (1984). And "the mere appearance by a defendant does not preclude the defendant from challenging the sufficiency of service of process." Lybbert, 141 Wn.2d at 43. In addition, the

8

notice of appearance specified that it was entered "without waiving objections as to improper service, venue or jurisdiction."

Smith further contends that Champness and LeCavalier waived service by lying in wait on this issue and then filing a motion to dismiss after the statutory limitation period had expired. A "defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect." Lybbert, 141 Wn.2d at 40 (quoting Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1096 (2d Cir. 1990)).

But Champness and LeCavalier did not neglect to raise the defense of insufficient service of process prior to the end of the tolling period. In their opposition to Smith's motion to file by mail, Champness and LeCavalier stated that it was "evident from the Declaration of plaintiff's counsel, plaintiff has not made reasonably diligent efforts to personally serve the defendants." They further pointed out that the "subject accident occurred on November 17, 2017, and thus, plaintiff still has five weeks under the 90-day relation back provision under RCW 4.16.170 in which to properly serve the summons and complaint. Instead, plaintiff has chosen to file a legally deficient motion." Nor did they conduct discovery or otherwise engage in conduct inconsistent with the later assertion of the defense. See Harvey, 163 Wn. App. at 324 (noting that waiver may apply where the defendant "engages in considerable discovery not related to the defense"). Champness and LeCavalier did not waive the defense of insufficient service of process.

V

Lastly, Smith argues that "extraordinary circumstances" justify equitable tolling of the statute of limitations. "'Equitable tolling 'permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally elapsed.'" City of Bellevue v. Benyaminov, 144 Wn. App. 755, 760, 183 P.3d 1127 (2008) (internal quotation marks omitted) (quoting State v. Robinson, 104 Wn. App. 657, 667, 17 P.3d 653 (2001)). Because equitable tolling of the statute of limitations is an "extraordinary form of relief," it is "appropriate only when it is consistent with the purposes underlying the governing statutory rules and when justice demands a departure from those rules." Fowler v. Guerin, __ Wn.2d __, 515 P.3d 502, 506 (2022). "The purpose of statutes of limitations is to shield defendants and the judicial system from stale claims." Crisman v. Crisman, 85 Wn. App. 15, 19, 931 P.2d 163 (1997). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

Smith argues that equitable tolling is warranted because (1) the extent of his injuries were still being determined as the three-year statutory limitation period expired, (2) the defendants were difficult to locate and serve, (3) he made diligent attempts to serve them, (4) Champness received actual notice, and (5) these events took place during the COVID-19 pandemic, which created uncertainty for Smith's counsel and ultimately caused his unexpected departure

for military service.  None of these reasons justify tolling of the statute of limitations.

Smith has failed to show that he commenced his lawsuit within the applicable statutory limitation period.  Equitable relief was not shown to be warranted.  The trial court did not err by dismissing the complaint.

Affirmed.

Dwyer, J.

WE CONCUR:

Andrus, C.J.